**THE MEADOWS, an Arizona corporation, Plaintiff–Appellee,**

v.

**EMPLOYERS HEALTH INSURANCE, a Wisconsin corporation doing business in the State of Arizona, Defendant–Appellant.**

No. 93–16315.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1994.

Decided Feb. 17, 1995.

Christopher D. Payne, Snell & Wilmer, Phoenix, AZ, for plaintiff-appellee.

Before: WALLACE, Chief Judge; PREGERSON, and BEEZER, Circuit Judges.

PREGERSON, Circuit Judge:

Defendant–Appellant Employers Health Insurance appeals the district court's order remanding for a second time to the Arizona Superior Court Plaintiff–Appellee The Meadows' state law action. The Meadows sued Employers Health Insurance for negligent misrepresentation, estoppel, and breach of contract arising out of an inquiry concerning coverage. The district court held that in the circumstances of this case, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") did not preempt these state law causes of action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## BACKGROUND

The Meadows is a substance abuse treatment facility. John Friedel is a former employee of School Services & Leasing, Inc. ("School Services"). Mr. Friedel terminated his employment with School Services on December 29, 1989. Before this date, he and his wife, Patricia Friedel, were holders of an insurance policy issued by Employers Health Insurance ("Employers Health").

On February 14, 1990, The Meadows telephoned Employers Health regarding the existence of coverage for Patricia Friedel. Employers Health verified coverage. The Meadows then sent a letter to Employers Health verifying and memorializing Employers Health's representation of coverage for Mrs. Friedel. Employers Health signed the letter, endorsed the accuracy of its contents, and returned it to The Meadows on March 30, 1990. The Meadows provided treatment to Patricia Friedel from March 19, 1990 through May 8, 1990.

William M. Demlong, Bess & Dysart, Phoenix, AZ, for defendant-appellant.

On April 26, 1990, The Meadows telephoned Employers Health regarding the existence of coverage for John Friedel. Employers Health stated that he was covered. On May 1, 1990, the Meadows telephoned Employers Health a second time to verify the existence of coverage for Mr. Friedel. Employers Health again stated that he was covered. On May 14, 1990, The Meadows sent a letter to Employers Health verifying and memorializing the existence of coverage for Mr. Friedel. Employers Health did not return the letter. The Meadows provided treatment to John Friedel from May 2, 1990 through June 15, 1990.

Despite these oral and written representations of coverage, Employers Health refused to pay The Meadows for the Friedels' treatment.

On January 17, 1991, The Meadows filed a complaint against Employers Health in the Superior Court of the State of Arizona, claiming negligent misrepresentation, estoppel, and breach of contract. Employers Health removed the action to the United States District Court for the District of Arizona on the basis that ERISA preempted The Meadows' state law claims.

On May 9, 1991, the court entered an order dismissing the action without prejudice. The court explained that because The Meadows sued derivatively, ERISA preempted the state law claims. The court went on, however, to note that had The Meadows not sued derivatively as an assignee or subrogee of the Friedels, it "might have had a claim based simply on the representations that the company made to The Meadows."

On June 4, 1992, The Meadows filed the instant action against Employers Health in the Arizona Superior Court, realleging the same three counts stated in the original complaint. This time, however, the Meadows did not assert any claims as the assignee or subrogee of the Friedels. Instead, the Meadows sued only as a third-party health care provider for claims that were non-derivative and independent of those which the Friedels might have had. The Meadows sued Employers Health for damages and not for policy benefits.

Employers Health again removed the action to the United States District Court, arguing that ERISA preempted the independent state claims now brought by The Meadows and that the suit was barred by the doctrine of *res judicata*. On June 14, 1993, the district court held that *res judicata* did not bar the action, that School Services' policy by definition fell within the purview of ERISA, but that ERISA did not preempt The Meadows' independent state law claims. *The Meadows v. Employers Health Insurance*, 826 F.Supp. 1225 (D.Ariz.1993). The only issue on appeal is whether ERISA preempts The Meadows' independent state law claims against Employers Health.

## ANALYSIS

■ We review de novo the question whether ERISA preempts state law. *Aloha Airlines, Inc. v. Ahue*, 12 F.3d 1498, 1500 (9th Cir.1993). Congress sought to eliminate the problem of inconsistent state and local regulation in the area of employee benefit plans by enacting express statutory preemption provisions as part of ERISA. 29 U.S.C. § 1144 provides that

> Except as provided in subsection (b) of this section, the provisions [of ERISA] ... shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan.... (Emphasis added.)

■ In *Misic v. Building Service Employees Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir.1986), we affirmed the principle that ERISA preempts the state claims of a provider suing as an *assignee* of a beneficiary's rights to *benefits* under an ERISA plan. The question before us, however, is whether ERISA preempts claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an *independent* entity claiming *damages*. We hold that ERISA does not.

■ In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987), the Court established the test for preemption: a state law is preempted if it "relates to" an employee benefit plan. A law "relates to" an employee benefit plan

"if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983).

Despite the breadth of ERISA's preemption provision, the Supreme Court has held that not all state law claims are preempted. *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). *See also Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21 ("some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan").

■ We hold that the district court correctly concluded that the independent state law claims of The Meadows, a third-party provider, lie outside the bounds of the ERISA "relates to" standard because neither The Meadows nor the Friedels had any existing ties to the ERISA plan in 1990. Mr. Friedel terminated his employment with School Services on December 29, 1989, at which time his ERISA medical coverage ceased.

A recent decision of our Court supports this conclusion. In *Harris v. Provident Life and Acc. Ins. Co.*, 26 F.3d 930 (9th Cir.1994), an employee decided not to purchase ERISA benefits because he relied on certain misrepresentations of the ERISA agent. He then sued the ERISA plan for fraud under ERISA and applicable state statutes. We held that because the employee never became a plan beneficiary, he lacked standing to claim an injury under ERISA. *Id.* at 933. However, we went on to hold that the employee's "remaining state claims are *not* within the scope of § 1132(a)[1] and therefore not completely preempted." *Id.* at 934 (emphasis added).

Other courts have adopted similar rationales for allowing independent state claims to proceed despite ERISA. In *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990), the Fifth Circuit noted that courts have found preemption if

(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities (the employer, the plan and its fiduciaries, and the participants and beneficiaries). *See also Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994).

■ The Fifth Circuit held that a third-party provider's independent claims for damages for misrepresentation of coverage against an ERISA plan do not fall within the scope of these two factors. *Memorial Hospital*, 904 F.2d at 245. First, the court pointed out that Congress enacted ERISA to protect the interests of employees and their beneficiaries under employee benefit plans. A third-party provider's claim for unfair and deceptive trade practices against a plan does not infringe upon an area which Congress sought to regulate exclusively under ERISA. *Id.* at 247. *See also Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172, 176–77 (5th Cir.1994) (state law claims by independent contractor, who was not a participant or beneficiary, did not affect the relationship between the traditional ERISA entities; therefore claims were not preempted); *Fugarino v. Hartford Life and Acc. Ins. Co.*, 969 F.2d 178, 186 (6th Cir.1992) ("if the plaintiff is not a 'participant' or 'beneficiary,' he may sue under and seek the broader relief provided by state tort law"), *cert. denied,* —— U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993); *Hospice of Metro Denver, Inc. v. Group Health Ins.*, 944 F.2d 752, 756 (10th Cir.1991) (declining to find preemption because hospice's estoppel claim against insurance provider did not involve the administration of the ERISA plan, the processing of a covered claim, nor the rights of an ERISA participant or beneficiary); *Hoag Memorial Hospital v. Managed Care Administrators*, 820 F.Supp. 1232, 1235 (C.D.Cal.1993) (ERISA does not preempt hospital's state law claims for misrepresentation of coverage because suit did not involve the administration of the ERISA plan); *Martin v. Pate*, 749 F.Supp. 242, 246

---

**1.** 29 U.S.C. § 1132 provides that only a participant, beneficiary, or fiduciary may bring a civil action under ERISA.

(S.D.Ala.1990) (employee may maintain state action for fraud because misrepresentations occurred *before* employee became a beneficiary under ERISA plan), *aff'd,* 934 F.2d 1265 (11th Cir.1991).

Second, the Fifth Circuit explained that if a patient was not covered under the ERISA plan, despite the plan's assurances to the contrary, a provider's subsequent civil recovery against the insurer in no way expands the rights of the patient to receive benefits under the terms of the plan. 904 F.2d at 246.

In short, as the above discussion demonstrates, courts have held that ERISA does not preempt a third-party provider's independent state law claims against a plan precisely because those claims do not "relate to" the administration of an ERISA plan. In the instant case, that the Friedels were not beneficiaries of any plan at the time Employers Health misrepresented the existing coverage is further reason to conclude that The Meadows' claim does not "relate to" the provisions of the ERISA plan.

Employers Health argues that when its agents were asked by The Meadows to verify coverage, they had to check the Friedels' policy, and that such conduct by its agents implicated the administration of the ERISA plan. Employers Health cites *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) for support. We find no merit in this argument.

In *Ingersoll–Rand,* the Texas Supreme Court created an exception to the employment-at-will doctrine. It held that recovery in a wrongful discharge action would be permitted if the plaintiff could prove that "the principal reason for termination was the employer's desire to avoid contributing to or paying benefits under the employee's pension fund." 779 S.W.2d 69, 71 (Tex.1989). The United States Supreme Court held that ERISA preempted this judicially-created cause of action. 498 U.S. at 140, 111 S.Ct. at 483–84.

In so holding, the Court explained that the state law at issue was not "a generally applicable statute that makes no reference to, or indeed functions irrespective of, the existence of an ERISA plan." *Id.* at 139, 111 S.Ct. at 483. Rather, the Court emphasized that "the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law." *Id.* at 139–40, 111 S.Ct. at 483. The Court elaborated:

> The ... cause of action makes specific reference to, and indeed is premised on the existence of a pension plan ... Thus, in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists and the employer had a pension-defeating motive in terminating the employment. Because the court's inquiry must be directed to the plan ... [the] cause of action 'relates to' an ERISA plan.... [T]here simply is *no* cause of action if there is no plan. *Id.* at 140, 111 S.Ct. at 483–84 (emphasis in original).

In contrast, The Meadows' state law claims for misrepresentation and estoppel "make no reference to" and "function irrespective of" the existence of an ERISA plan. Indeed, the claims arose because there was no plan coverage for the Friedels, which was the very fact misrepresented by Employers Health, to the detriment of The Meadows. As such, The Meadows' claims are similar to the claims at issue in *Mackey, supra,* 486 U.S. at 841, 108 S.Ct. at 2191–92, and *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 23, 107 S.Ct. 2211, 2223–24, 96 L.Ed.2d 1 (1987). In those cases, the Supreme Court held that ERISA did not preempt a State's general garnishment statute nor a State law requiring payment of severance benefits because those statutes did not require the establishment or maintenance of an ongoing ERISA plan.

In addition to following the applicable case law, the district court's decision is also in line with several policy considerations that militate against preemption. The Fifth Circuit in *Memorial Hospital* observed that insulating plan fiduciaries from the consequences of their own misrepresentations to third-party providers does not further any of ERISA's objectives. 904 F.2d at 247. Moreover, the Congressional goal of securing uniform federal laws regulating employee benefit plans is not advanced by preempting state claims that are not premised on a violation of duties

imposed by ERISA. *See Albert Einstein Medical Ctr. v. Action Mfg. Co.,* 697 F.Supp. 883, 885 (E.D.Pa.1988).

Finally, the Fifth Circuit in *Memorial Hospital* correctly pointed out that preemption of a third-party provider's independent state law claims would discourage health care providers from treating patients without first evaluating the solvency of each patient or requiring patients to pay in advance the cost of their medical services. 904 F.2d at 247. Such precautions would undermine one of the major purposes of ERISA, to make health care less expensive and more widely available.

### CONCLUSION

For the foregoing reasons, we hold that the district court correctly concluded that ERISA does not preempt The Meadows' independent state law claims against Employers Health. The order of the district court remanding this matter to the Arizona Superior Court is AFFIRMED.