**IN HOME HEALTH, INC., Appellant,**

v.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**
**Appellee.**

No. 95–3974.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1996.

Decided Dec. 2, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 2, 1997.

---

William Fortebury, argued, St. Louis, MO, for appellant.

Richard J. Pautler, argued, St. Louis, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN; Circuit Judge, and KORNMANN,* District Judge.

* The Hon. Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

KORNMANN, District Judge.

In Home Health, Inc. ("Home Health"), appeals from the District Court's denial of Home Health's motion to remand this case to state court. The District Court found that Home Health's claim for negligent misrepresentation based on state law was preempted by ERISA[1]. We reverse and remand for entry of judgment in accordance with this opinion.

## I. Background

Home Health originally filed this case in Missouri state court alleging that The Prudential Insurance Company of America ("Prudential"), is liable for damages based on the tort of negligent misrepresentation under Missouri law[2]. Home Health, in its original complaint filed in state court, alleged that (a) Prudential is the administrator for an employee benefit plan governed by ERISA, of which Maurice Rich ("Rich") is a plan beneficiary, (b) Prudential falsely informed Home Health that Rich, one of Home Health's clients, had not reached the $1 million lifetime maximum of benefits under the plan, (c) Home Health periodically contacted Prudential to determine whether Rich had reached the maximum coverage under the plan, (d) during each of these contacts Prudential incorrectly informed Home Health that Rich's maximum had not been reached, and (e), based on these false representations, Home Health provided approximately $40,000 in services to Rich in excess of his maximum benefits.

Neither the plan nor Rich's employer were named as defendants in the original complaint. Prudential removed the case to the United States District Court for the Eastern District of Missouri, alleging that Home Health's claims were preempted by ERISA. Home Health filed a motion to remand the case to state court, arguing that its claim was not preempted by ERISA because it did not "relate to" an employee benefit plan as required for preemption under 29 U.S.C. § 1144(a). Following the removal to federal court, Prudential filed a motion to dismiss for failure to state a claim under ERISA. The District Court denied Home Health's motion to remand and denied Prudential's motion to dismiss, ordering, however, that Home Health file an amended complaint or its original complaint "may" be dismissed.

In compliance with the District Court's order, Home Health filed an amended complaint, naming Prudential and the plan as defendants. Prudential filed a second motion to dismiss. The District Court granted Prudential's motion to dismiss the amended complaint, holding it failed to state a cause of action under ERISA. Home Health filed a timely notice of appeal, indicating that it was appealing the District Court's denial of Home Health's motion to remand and the District Court's dismissal of its amended complaint. Home Health subsequently abandoned its appeal of the District Court's dismissal of its amended complaint. Therefore, the issue before us is whether the District Court erred in refusing to remand Home Health's original complaint to a Missouri state court.

In refusing to remand because of its conclusion that Home Health's claims were preempted by ERISA, the District Court relied on *Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc.,* 947 F.2d 1341 (8th Cir.1991) ("*Arkansas BCBS*"), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992), the Sixth Circuit's decision in *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272 (6th Cir.1991), *cert. dismissed,* 505 U.S. 1233, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992), and two District Court decisions, *Barnes Hosp. v. Sanus Passport/Preferred Services, Inc.,* 809 F.Supp. 725

---

1. Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

2. To maintain a cause of action for negligent misrepresentation under Missouri law, one must show (1) that the speaker supplied information in the course of speaker's business or because of some other pecuniary interest; (2) that, due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) that the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) that the listener justifiably relied on the information; and (5) that as a result of the listener's reliance on the statement, the listener suffered a pecuniary loss. *Colgan v. Washington Realty Co.,* 879 S.W.2d 686, 689 (Mo.App.1994).

(E.D.Mo.1992)[3] and *Coonce v. Aetna Life Ins. Co.,* 777 F.Supp. 759 (W.D.Mo.1991)[4].

Considering the factors set forth in *Arkansas BCBS,* 947 F.2d at 1344–45, the District Court concluded that a recovery by Home Health in excess of the policy limits would negate the policy provision governing benefit limits, thereby impacting the plan structure and affecting the plan, a primary ERISA entity. The District Court concluded that allowing Home Health to proceed would impact the administration of the plan because verification of plan coverage and the amount thereof are "primary administrative functions of benefit plans ...", as set forth in *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 146–47 (2d Cir.), *cert. denied,* 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). The District Court found that Home Health's claims clearly have an economic impact on the plan because, if Home Health prevails, the plan would be required to pay benefits in excess of the plan limits. The remaining factors were found to be inapplicable to this case. The District Court held that the factors to be considered favored preemption of Home Health's claims.

Home Health asserts that its original complaint does not "relate to" an ERISA plan. Therefore, its tort claim for negligent misrepresentation against Prudential is not preempted by ERISA and the case should be remanded to the Missouri state court. Prudential contends that the District Court should be affirmed because Home Health's claims relate to an employee benefit plan governed by ERISA and therefore Home Health's claims are preempted by ERISA.

## II. Analysis

### A. Effect of Amended Complaint

▪ We address, *sua sponte,* the question whether the amended complaint caused the remand issue to become moot. If a party intends to rely upon an original complaint, it should plead no further. *Studio Carpenters Local Union No. 946 v. Loew's, Inc.,* 182 F.2d 168, 170 (9th Cir.1950). *See also Marx v. Loral Corp.,* 87 F.3d 1049, 1055–56 (9th Cir.1996). An amended complaint "ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977), citing *Washer v. Bullitt County,* 110 U.S. 558, 562, 4 S.Ct. 249, 250–51, 28 L.Ed. 249 (1884), and other secondary authorities. *See also Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2nd Cir.1994).

Home Health amended its original complaint in September of 1994 to attempt to state a cause of action under ERISA. This followed the District Court's order to so amend its complaint or face dismissal of the case. We recently held that:

> "[W]hen a court orders the plaintiff to amend its complaint, doing so does not moot the question whether removal to the federal court was proper." In other words, where the removal of an action from state court to federal court may have been improper under 28 U.S.C. § 1441(b), the subsequent amendment of the complaint so as to create a basis for removal jurisdiction does not render the removal issue moot if the amendment was ordered by the district court or was otherwise involuntary.

*Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1241 (8th Cir.1995), quoting *O'Halloran v. University of Washington,* 856 F.2d 1375, 1380 (9th Cir.1988). The question of whether the removal was proper in the present case is not moot because the District Court, in effect, ordered Home Health to amend its complaint. Plaintiff was presented with a Hob-

**3.** The District Court for the Eastern District of Missouri ruled that ERISA preempted a state law claim brought by a service provider in its independent capacity and not as an assignee of the plan beneficiary. *Barnes,* 809 F.Supp. at 727. The *Barnes* court recognized that we had not addressed this specific issue. *Id.* We disagree with the holding in *Barnes,* 809 F.Supp. at 727, for the same reasons we discuss below in reversing and remanding the present case.

**4.** *Coonce, supra,* is distinguishable from the present case because in that case the third party provider alleged the insurance company made oral representations to it that modified the express terms of the ERISA plan. 777 F.Supp. at 763, 766–68.

son's Choice.[5] Although the amendment in this case was involuntary, the situation might be different had Home Health amended its complaint after we cautioned litigants in *Humphrey* that failure to seek a stay of proceedings pursuant to Fed.R.App.P. 8(a) could result in a holding that the amendment was voluntary. 58 F.3d at 1241, n. 5.

## B. ERISA Preemption

■■■ We review the District Court's decision on ERISA preemption de novo because it is a question of federal law involving statutory interpretation. *Arkansas BCBS,* 947 F.2d at 1344. 29 U.S.C. § 1144(a) provides that:

> Except as provided in subsection (b) of this section, the provisions [of ERISA] ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

■■■ The issue in this case is whether ERISA preempts state tort claims by a third-party provider who sues the administrator of an ERISA plan, suing not as an assignee of an ERISA beneficiary but as an independent entity claiming damages. This is an issue of first impression in this circuit.

■■■ The "relates to" language in 29 U.S.C. § 1144(a) was broadly interpreted by the Supreme Court in *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). A state law relates to an ERISA plan when the state law "has a connection with or reference to such a plan." *Id.* at 96–97, 103 S.Ct. at 2899–2900. Although ERISA's preemption provision is interpreted broadly, the Supreme Court has held that not all state law claims are preempted. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 838, 108 S.Ct. 2182, 2190, 100 L.Ed.2d 836 (1988) (holding that Congress did not intend to preclude state law attachment of ERISA welfare plan benefits). The Supreme Court has explained that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* at 100 n. 21, 103 S.Ct. at 2901 n. 21.

The mere mention of an ERISA plan in a complaint is not, in and of itself, sufficient to warrant a finding that the state law relates to a plan. *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.,* 944 F.2d 752, 754 (10th Cir.1991).

Other circuits have considered the issue of ERISA preemption of state law claims made by third party health care providers for misrepresentation by ERISA plan administrators or insurers. A majority have concluded the providers' state law claims are not preempted by ERISA. *See The Meadows v. Employers Health Ins.,* 47 F.3d 1006, 1011 (9th Cir.1995); *Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1533 (11th Cir.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995); *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.,* 944 F.2d 752, 756 (10th Cir. 1991); and *Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 250 (5th Cir.1990); *but see Cromwell,* 944 F.2d at 1277.

Prudential relies upon *Misic v. Building Service Employees Health and Welfare Trust,* 789 F.2d 1374, 1378 (9th Cir.1986), for its proposition that Home Health's claims are preempted by ERISA. The court in *Misic* affirmed the principle that ERISA preempts state law claims of a health care provider suing as an assignee of a beneficiary's rights to benefits under an ERISA plan. *Id.* at 1379. That court did not address, however, the issue of preemption of state law claims by a health care provider suing, not as an assignee of an ERISA beneficiary, but as an independent entity seeking damages as distinguished from plan benefits. *See The Meadows,* 47 F.3d at 1008. Thus, *Misic* does not support Prudential's position.

The District Court and Prudential rely heavily on the decision by the United States Court of Appeals for the Sixth Circuit in *Cromwell* that state law claims of promissory estoppel and negligent misrepresentation by home health care providers are preempted by ERISA. 944 F.2d at 1277. The plaintiffs in *Cromwell* brought an action in state court,

---

**5.** Thomas Hobson (1544–1631), an English liveryman, followed the practice of dealing with his customers in an unusual manner; take the horse closest to the door or no horse at all.

alleging breach of contract, promissory estoppel, negligence and breach of good faith based on their reasonable reliance on defendant administrator's assurances of coverage for their patient. *Id.* at 1275. The trial court found plaintiffs' complaint stated a cause of action under ERISA because its breach of contract claim essentially sought benefits payable under an ERISA plan. *Id.* Plaintiffs relied upon their status as assignees throughout their complaint; they did, however, allege state law claims for promissory estoppel and negligent misrepresentation. *Id.* at 1277. The Court of Appeals for the Sixth Circuit found that plaintiffs' state law claims were, in essence, a claim for recovery of ERISA plan benefits, and, if allowed, would affect the relationship between ERISA entities by allowing more coverage than provided for in the plan. *Id.* at 1276. *Cromwell* is distinguishable from the present case because Home Health is not seeking benefits as the assignee of an ERISA beneficiary.

The facts of the instant case parallel the facts in *The Meadows,* 47 F.3d at 1008. Home Health does not assert any claim as the assignee of Rich. Instead, it sued only as a third-party health care provider for claims that were non-derivative and independent of those which Rich might have had against Prudential. Home Health sued Prudential for damages, not for plan benefits. Any damages would come from Prudential, not from the plan itself.

### 1. Preemption Factors

In *Arkansas BCBS,* 947 F.2d at 1344–45, we enumerated several factors to be considered in determining whether a state law of general application "relates to" ERISA plans.[6] The factors include whether the state law: (1) negates an ERISA plan provision; (2) affects relations between primary ERISA entities; (3) impacts the structure of ERISA plans; (4) impacts the administration of ERISA plans; (5) has an economic impact on ERISA plans; (6) may be preempted consistent with other ERISA provisions; and (7) is an exercise of traditional state power. *Id.* (citations omitted). We must evaluate these factors in light of the "totality of the state [law]'s impact on the plan", considering both how many factors favor preemption and how heavily they favor preemption. *Id.* at 1345.

#### a. Negation of a Plan Provision

We respectfully disagree with the District Court that allowing Home Health's claim for negligent misrepresentation would negate a plan provision. Home Health is not suing for plan benefits. It is suing for Prudential's misrepresentation that Rich had not exceeded his $1 million limit of benefits. Home Health is not alleging that Rich is entitled to more than the $1 million in benefits provided by the plan. Prudential has not represented that the plan would be responsible for any judgment Home Health may recover against Prudential. Allowing Home Health to proceed with its claim for negligent misrepresentation would not negate any plan provision.

#### b. Effect on Primary ERISA Entities and Impact on Plan Structure

We treat the second and third preemption factors as identical. *Arkansas BCBS,* 947 F.2d at 1346. Although Prudential is a primary ERISA entity, Home Health is not. The Court of Appeals for the Fifth Circuit observed that " '[c]ourts are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan.' " *Memorial,* 904 F.2d at 249 (citation omitted); *see Hospice,* 944 F.2d at 756 (relying in part on the above quoted

6. Prudential does not dispute that the state common law on negligent misrepresentation is of general application. It does not actually or implicitly refer to ERISA plans. *See Arkansas BCBS,* at 1344 n. 3. The state law on misrepresentation (see note 2 above) is of general application as it "makes no reference to" and "functions irrespective of" the existence of an ERISA plan. *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990); *The Meadows,* 47 F.3d at 1009.

language from *Memorial* in holding that a state law claim by a health care provider is not preempted by ERISA). Prudential has not represented that the plan would be required to indemnify it for any damages Home Health may recover for Prudential's negligent misrepresentation. Thus, a recovery by Home Health against Prudential would not impact the structure of the ERISA plan or affect relations between primary ERISA entities.

### c. Impact on Plan Administration

Impact on plan administration is the fourth factor to be considered in evaluating the preemption issue. Prudential was under no obligation to respond to Home Health's inquiries regarding whether Rich had exhausted his total benefit limit. Prudential could have simply refused to answer Home Health's questions about the amount of benefits remaining. A recovery by Home Health would not impose a duty upon Prudential in the future to respond to inquiries from third party health care providers. If Prudential chooses to respond to such inquiries in the future, it would only be required to perform a bookkeeping function.

The law at issue in this case is different from the assignment statute at issue in *Arkansas BCBS*, 947 F.2d at 1343, 1346–48. The assignment statute there would have required the administrator to change its method of processing claims and it would have imposed additional significant administrative burdens on the administrator in determining whether a beneficiary had assigned his or her benefits to a health care provider. *Id.* Allowing Home Health to proceed with its claim for negligent misrepresentation would not impose any additional administrative duties upon Prudential or require a change in administrative procedures. Therefore, this factor does not support a finding that ERISA preempts Home Health's state law claims.

### d. Economic Impact

Regarding the economic factor, the District Court found that if Home Health prevailed on its state law claims, "the plan would have to pay benefits in excess of the limits

set forth in the plan." As already stated, there is no evidence of an obligation on the part of the plan to indemnify Prudential for any tort committed by Prudential. Allowing Home Health to proceed with its claim for negligent misrepresentation against Prudential would not have any demonstrable economic impact on the plan.

### e. Remaining Factors Not Implicated

We agree with the District Court that the remaining factors are not implicated in this case. We conclude that none of the factors to be considered in determining whether a state law is preempted by ERISA favor preemption in this case.

### 2. Policy Considerations

We also conclude that preemption of Home Health's claims would not further the Congressional goal of protecting the interests of employees and their beneficiaries in employee benefit plans. The "ultimate touchstone" in deciding whether ERISA preempts a state law is the Congressional purpose in enacting ERISA. *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 8, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987). The Act states its purpose as,

[T]o protect ... the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b).

We agree with the finding of the Court of Appeals for the Fifth Circuit that:

If providers have no recourse under either ERISA or state law in situations such as the one *sub judice* (where there is no coverage under the express terms of the plan, but a provider has relied on assurances that there is such coverage), providers will be understandably reluctant to accept the risk of non-payment, and may

require up-front payment by beneficiaries—or impose other inconveniences—before treatment will be offered. This does not serve, but rather directly defeats, the purpose of Congress in enacting ERISA.

*Memorial,* 904 F.2d at 247–48.

### III. Conclusion

The judgment of the United States District Court for the Eastern District of Missouri is reversed and the case is remanded to the District Court with instructions to remand to the state court of Missouri for determination of the state claims originally filed in that court.