NATIONAL REHABILITATION
HOSPITAL, Plaintiff,

v.

MANPOWER INTERNATIONAL,
INC., et al., Defendants.

No. CIV. A. 97–1259 (JR).

United States District Court,
District of Columbia.

March 5, 1998.

Gregory M. Murad, Larry P. Rothman, Washington, DC, Lawrence E. Rubin, Rubin and Rubin, P.C., Silver Spring, MD, for Nat. Intern., Inc.

F. Joseph Wain, Diana L. Embrey, Gibson, Dunn & Crutcher LLP, Washington, DC, for Manpower Intern., Inc.

C. Michael Deese, Charapp, Deese & Weiss, LLP, Washington, DC, for Reliastar Life Ins. Co.

## MEMORANDUM

ROBERTSON, District Judge.

A hospital provided medical services to a patient after an insurance claims processor verified that he was covered by an ERISA plan. The verification turned out to be incorrect. The hospital sued the claims processor and the plan administrator for reimbursement of its bill, asserting federal ERISA claims and state law claims of breach of contract and promissory estoppel. The defendants have moved to dismiss. Upon consideration of their motions, I have concluded for the reasons set forth in this memorandum (1) that the federal ERISA claims must be dismissed, because the patient was not a plan participant, but (2) that the state law claims are not pre-empted by ERISA and may go forward under this court's supplemental jurisdiction.

## BACKGROUND

Plaintiff National Rehabilitation Hospital (NRH) provided medical services valued at $43,565.61 to Terence Alfonso beginning on January 22, 1996. Alfonso told NRH that he was a member of a health plan managed by Manpower International, Inc. (Manpower). NRH contacted the claims processor for Manpower's plan, Reliastar Life Insurance Company (Reliastar), for verification. A Reliastar employee represented in a telephone conversation that Alfonso was a plan member but cautioned that telephone verifications were not binding. Soon thereafter, Reliastar

faxed written verification that "Terence Alfonso is covered for the following hospital benefits by Northwestern Mutual Life Insurance Company. [Describing the benefits .]" Manpower Motion to Dismiss, Ex. B.

Alfonso assigned to NRH his right to reimbursement for his medical services, and NRH then presented its bill to Reliastar. Reliastar, however, now denied coverage. It asserted that Alfonso's coverage had in fact lapsed at the end of December, three weeks before Alfonso's admission to NRH, because: the last month for which Alfonso had paid a premium was December, 1995; Alfonso had not worked the minimum number of hours necessary over the last months of 1995 to remain eligible for plan coverage for the month of January, 1996; and the plan provided for coverage to lapse on the last day of the last month for which a payment is made.

NRH sued Manpower and Reliastar complaining of (1) breach of fiduciary duty under ERISA,[1] (2) ERISA promissory estoppel, (3) breach of contract, and (4) state law promissory estoppel. The third and fourth counts are non-federal claims that seek to hold defendants directly liable based on plaintiff's theory that a contract between NRH and both Manpower and Reliastar was formed by the representations of Manpower's agent that Alfonso was a plan participant and by NRH's foreseeable and detrimental reliance on those representations.

Manpower has moved to dismiss, and Reliastar has moved for judgment on the pleadings. Because all parties have augmented the pleadings with factual material, the motions will be considered as motions for summary judgment pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure.

1. There is no dispute that the plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Manpower is the plan administrator and Reliastar is the claims processor.

2. I have elected to retain the jurisdiction granted by 28 U.S.C. § 1367(a) over the state law claims.

3. Dismissal of the federal claims moots the questions, raised at the threshold by defendants,

## ANALYSIS

Manpower's motion to dismiss makes four principal arguments: that NRH lacks standing to bring ERISA claims for Alfonso's benefits; that a breach of fiduciary duty claim to recover individual benefits does not lie under ERISA; that the only promissory estoppel claims cognizable under ERISA are those that involve interpretations by plan administrators of ambiguous plan provisions; and that plaintiff's state law claims "relate to" an ERISA plan and are thus preempted by ERISA. *See* 29 U.S.C. § 1144(a). Reliastar's motion for judgment on the pleadings makes the additional argument that Reliastar—the claims processor—is not an ERISA fiduciary party.

■ At oral argument, the parties all agreed (notwithstanding NRH's allegation to the contrary in the Amended Complaint, ¶ 7) that Alfonso was *not* in fact a plan participant when he received services. That agreement defeats the first two of NRH's claims: Count One, for breach of ERISA fiduciary duties, must be dismissed because ERISA does not impose fiduciary duties upon plan administrators' actions vis-a-vis third parties. *See generally* 29 U.S.C. § 1132(a). Count Two, for ERISA promissory estoppel, must be dismissed because this is not a case of a plan administrator's interpretation of an ambiguous plan provision. *See Psychiatric Inst. of Washington, D.C. v. Connecticut Gen. Life Ins. Co.,* 780 F.Supp. 24, 31–32 (D.D.C.1992).

■ The case having thus been limited to the state law claims presented in Counts Three and Four,[2] the next question is whether ERISA preempts a state law contract action against an ERISA plan administrator and an ERISA claims processor where the action is based on incorrect verifications of coverage for a non-plan participant.[3]

whether Reliastar is an ERISA fiduciary and whether ERISA benefits are assignable, because the state law claims do not seek ERISA benefits. Defendant's argument that plaintiff failed to exhaust the plan's administrative remedies is no longer germane. Since this is not an attempt to recover plan benefits, further appeal within the plan would be pointless. (In any case, the plan's grievance procedures do not require a further appeal to Manpower. *See* Summary Plan Description, attached as Exhibit A to Manpower's Motion to Dismiss, at 18, ¶ 7; *id.* at 72, ¶ 7.)

In enacting ERISA, Congress intended to provide uniform federal regulation of employee retirement benefit plans and to make regulation of benefits an entirely federal concern. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). To that end, the plain language of ERISA's preemption provision is broad, *see* 29 U.S.C. § 1144(a) (preempting "any and all State laws insofar as they now or hereafter relate to any employee benefit plan" covered by the statute). The Supreme Court has repeatedly held that the scope of ERISA preemption—whether a state law "relates to" ERISA—is to be broadly interpreted.[4] *See, e.g., Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 730, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

Despite the breadth of ERISA preemption, however, not all state law causes of action that might be characterized by artful pleading as "relating to" an ERISA plan are preempted:

> Lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan—are relatively commonplace.... [T]hese suits, although obviously affecting and involving ERISA plans and their trustees, are not preempted by ERISA....

*Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 832–33, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) (citations and footnotes omitted). Certain "state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100, 103 S.Ct. 2890; *see also Greater Washington Board of Trade v. District of Columbia*, 948 F.2d 1317, 1322 (D.C.Cir.1991), *aff'd*, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992).

There is little case law in this Circuit on the application of the "tenuous and peripheral" exception to ERISA preemption, but seven other circuits have heard cases involving facts nearly indistinguishable from those of this case. The Fifth, Eighth, Ninth, Tenth and Eleventh Circuits found that the state law claims were not preempted. *Memorial Hospital System v. Northbrook Life Ins.*, 904 F.2d 236, 250 (5th Cir.1990); *In Home Health, Inc. v. Prudential Ins. Co. of America*, 101 F.3d 600, 606–07 (8th Cir.1996); *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1011 (9th Cir.1995); *Hospice of Metro Denver, Inc. v. Group Health Ins.*, 944 F.2d 752, 756 (10th Cir.1991); *Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1534 (11th Cir.1994), *cert. denied*, 516 U.S. 930, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995).

The Fourth and Sixth Circuits found state law claims preempted in two cases. *HealthSouth Rehabilitation Hospital v. American National Red Cross*, 101 F.3d 1005, 1010 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2432, 138 L.Ed.2d 194 (1997); *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir.1991), *pet. for cert. dismissed by*, 505 U.S. 1233, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992). Both of those cases, however, are distinguishable. The plaintiff in *Healthsouth* conceded that its state law claims were preempted, so the issue was not squarely presented. 101 F.3d at 1010. In *Cromwell*, the complaint "alleged promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith as grounds for the *recovery of plan benefits from the ... plan....*" 944 F.2d at 1276 (emphasis added). In the present case, plaintiff does not seek to recover benefits from the plan.

Defendants' emphasis upon *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir.1987), and *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir.1988), is misplaced. Both cases predate decisions of their respective circuits holding, on facts virtually indistinguishable from those of this case, that ERISA does *not* preempt state law claims. *See Memorial Hospital System*, 904 F.2d at 250; *Lordmann Enterprises, Inc.*, 32 F.3d at 1534. Moreover, both cases are factually different from this one.

---

4. The term "state law" in this context includes common law as well as statutory law. 29 U.S.C. § 1144(c)(1). The state law at issue, therefore, is the District of Columbia common law of contract and estoppel invoked in plaintiff's state law claims.

The decisions that contain the analysis I find most persuasive are those of the Fifth Circuit in *Memorial Hospital System* and the Eighth Circuit in *In Home Health*. The Fifth Circuit finds preemption only where: "(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Memorial Hospital System*, 904 F.2d at 236 (footnotes omitted). The Eighth Circuit uses a seven factor test. *See Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1344–45 (8th Cir. 1991), *cert. denied*, 504 U.S. 957, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992).[5]

Application of the Fifth Circuit's test is easy and yields a clear result: the state law claims presented here do not address areas of exclusive federal concern, nor do they directly affect the relationship among the traditional ERISA entities. The Eighth Circuit's test, while more cumbersome to apply, yields just as clear an answer.

The first three of the Eighth Circuit's factors give me little pause. (1) A state law contract action arising out of a misrepresentation of coverage by a plan to a hospital does not contradict ERISA, for ERISA does not address relations between providers, such as plaintiff, and benefit plans. *See In Home Health, Inc.*, 101 F.3d at 605–06. (2) This cause of action does not affect relations between traditional ERISA entities because the "relationship" in question here is between ERISA entities and a third party to the ERISA relationship.[6] (3) Again because this case involves relations with a non-ERISA entity, this cause of action does not impact the structure of ERISA plans.

The fourth and fifth factors are only a little more difficult. (4) It could be said that allowing state law contract actions to go forward on these facts would "impact" the ad-

ministration of ERISA plans, but it would only do so by requiring ERISA parties to be non-negligent in their dealings with third parties. (5) Recovery from the plan administrator and claims processor in their personal capacities *could* have an economic impact upon the plan, but such an impact would be far removed from the kind of economic impact that is caused by claims for recovery of plan benefits.

The last two factors weigh heavily against preemption. (6) On the question of consistency with other ERISA provisions and the overall statutory scheme of ERISA, I agree with the Fifth Circuit:

> We are ... unpersuaded that preemption in this case would further the congressional goal of protecting the interests of employees and their beneficiaries in employee benefit plans.... If providers have no recourse under ERISA or state law in situations such as the one *sub judice* (where there is no coverage under the express terms of the plan, but a provider has relied on assurances that there is such coverage), providers will understandably be reluctant to accept the risk of non-payment, and may require up-front payment by beneficiaries.... This does not serve, but rather directly defeats, the purpose of Congress in enacting ERISA.

*Memorial Hospital System*, 904 F.2d at 247–48. And (7), on the question whether the state law is an exercise of traditional state power, there can be no gainsaying that the enforcement of contracts between parties in commerce is a traditional state interest.

Defendants present one final argument: that, even if plaintiffs' state law claims are not preempted, plaintiff has not adequately alleged claims for breach of contract and promissory estoppel. To the contrary, however, plaintiffs' allegations are sufficient to create genuine issues of material fact as to each element of those causes of action.

**5.** The factors are whether the state law: 1) contradicts ERISA; 2) affects relations between traditional ERISA entities; 3) impacts the structure of ERISA plans; 4) impacts the administration of ERISA plans; 5) economically impacts ERISA plans; 6) could be preempted consistently with other ERISA provisions and the policy behind

ERISA; and 7) is an exercise of traditional state power.

**6.** Traditional ERISA entities are "the employer, the plan, the plan fiduciaries, and the beneficiaries." *Memorial Hospital System*, 904 F.2d at 249.

An appropriate order accompanies this memorandum.

### ORDER

Upon consideration of defendant Reliastar Life Insurance Company's motion for judgment on the pleadings [# 21], defendant Manpower International's motion to dismiss [# 22], and the opposition thereto, upon a review of the entire record, and for the reasons stated in the accompanying memorandum, it is this 6th day of March, 1998,

ORDERED that the motions are GRANTED IN PART AND DENIED IN PART. It is

FURTHER ORDERED that Counts 1 and 2 of the Amended Complaint are DISMISSED. It is

FURTHER ORDERED that the court will retain jurisdiction over Counts 3 and 4 under 28 U.S.C. § 1367(a). And it is

FURTHER ORDERED that a status conference is set for April 6, 1998 at 4:30 p.m.