**DRS. REICHMISTER, BECKER, SMULYAN AND KEEHN, P.A.**

v.

**UNITED HEALTHCARE OF THE MID–ATLANTIC, INC.**

Civil No. CCB–99–1426.

United States District Court, D. Maryland.

Jan. 21, 2000.

Ronald S. Canter, Wolpoff & Abramson, Bethesda, MD, for plaintiff.

Bryan D. Bolton, Eric B. Myers, Funk & Bolton, P.A., Baltimore, MD, for defendant.

## MEMORANDUM

BLAKE, District Judge.

This action alleging negligent misrepresentation of health insurance coverage originally was filed by Plaintiff in the District Court of Maryland for Baltimore City on April 22, 1999. Defendant removed the case to federal district court, pursuant to 28 U.S.C. § 1441, on May 19, 1999. Now pending is Plaintiff's motion to remand the case to state court, pursuant to 28 U.S.C. § 1447. The sole issue is whether Plaintiff's state law negligent misrepresentation claim is preempted by the federal Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The motion has been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the court will grant Plaintiff's motion.

## BACKGROUND

The relevant facts, as set forth in the parties' pleadings and memoranda, are few and straightforward:

Plaintiff is a group of physicians specializing in orthopaedic surgery. In April 1998, Plaintiff proposed to provide a course of medical treatment to a patient by the name of Crystal Vernon. Starting in October 1997, Ms. Vernon was employed by the St. Elizabeth Rehabilitation Nursing Center, where she was covered under a health insurance policy issued by Defendant United HealthCare of the Mid–Atlantic, Inc. ("United HealthCare"). To verify Ms. Vernon's health insurance coverage and to obtain any necessary authorization for the proposed treatment, Plaintiff contacted United HealthCare on April 16, 1998 and allegedly was advised that Ms. Vernon was covered under Defendant's policy. Compl. ¶ 5. Plaintiff further alleges that Defendant "provided Plaintiff with a unique authorization number verifying this coverage." *Id.* Both Plaintiff and Defendant agree, however, that Ms. Vernon's coverage under the policy ceased on April

1, 1998, as Ms. Vernon was no longer employed by the St. Elizabeth Rehabilitation Nursing Center. Ans. ¶ 3; Pl.'s Suppl. Mem. at 1; Df.'s Suppl. Opp'n at 2. Relying on Defendant's alleged representations to the contrary, Plaintiff provided Ms. Vernon with the intended medical treatment, and then sought payment from the Defendant. Defendant denied payment, informing Plaintiff on June 28, 1998 that the insurance coverage for Ms. Vernon ended on April 1, 1998, prior to the delivery of the medical services. Pl.'s Suppl. Mem. at 2; Df.'s Suppl. Opp'n at 3. Plaintiff now seeks compensation from Defendant in the amount of $2,951.00, plus interest, for treatment rendered Ms. Vernon.

## ANALYSIS

United HealthCare removed this case to federal district court on the grounds that Plaintiff is claiming insurance benefits due under a group health plan established under and governed by ERISA and Plaintiff's claim is preempted by ERISA's comprehensive enforcement scheme. See 29 U.S.C. § 1144(a) (stating that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). Plaintiff has moved to remand the action to state court, alleging Defendant "mischaracterizes this claim as one for ERISA benefits." Pl.'s Mem. Supp. Mt. Remand at 2. In opposing Plaintiff's motion, Defendant raises several arguments. Each will be considered and dismissed below.

A. Plaintiff's Negligent Misrepresentation Claim is not Preempted by ERISA Merely Because Plaintiff is the Assignee of the Plan Participant.

In its opposition to Plaintiff's motion, Defendant emphasizes that on April 23, 1998, Ms. Vernon assigned her right to benefits under the plan to Plaintiff. Df.'s Opp'n at 4, 5. This act, Defendant contends, creates an exclusive remedy for Plaintiff, that is, to seek redress pursuant to ERISA's civil enforcement provisions. Id. at 4 (arguing that because Plaintiff received an assignment of benefits from Ms. Vernon, it "stands in the shoes" of Ms. Vernon, and can only exercise those rights—a claim under ERISA—that Ms. Vernon enjoyed).

██ While it is true that state law claims brought in a plaintiff's capacity as an assignee are preempted, see Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 250 (5th Cir.1990) (agreeing that claims brought as an assignee of a plan participant's benefits are preempted by ERISA), this exclusive remedy is limited to situations in which the plaintiff sues in its capacity as assignee. See, e.g., The Meadows v. Employers Health Ins., 47 F.3d 1006, 1008, 1011 (9th Cir.1995) (upholding a district court's remand of assignee's negligent misrepresentation, estoppel, and breach of contract claims when the assignee sued only in its capacity as a third party health care provider).

Defendant therefore misapplies the general rule of exclusivity to the facts of this case, which resemble those in The Meadows. In that case, an assignee of the plan participant filed negligent misrepresentation, estoppel, and breach of contract claims against the plan. The district court dismissed the action, stating that because the plaintiff sued in its capacity as assignee, ERISA preempted the state law claims. Id. at 1008. When the plaintiff filed similar claims based on its status as a third party provider, however, and not as an assignee, the Ninth Circuit upheld the district court's remand of the case to state court. Id.(holding the state law claims were not preempted).

██ In its complaint, its motion for remand, and its reply, Plaintiff in this case takes pains to characterize its action as a common law claim for negligent misrepresentation, rather than as a suit for benefits under the plan. See, e.g., Compl. ¶¶ 5, 6, 7 (alleging Defendant represented to Plaintiff that Ms. Vernon was covered by the

plan, Defendant knew or should have known at the time it issued authorization for treatment that Ms. Vernon was not covered, and Plaintiff suffered damages as a result of its reasonable and justifiable reliance on Defendant's statements); Pl.'s Reply at 1 ("Plaintiff's claim is not based upon an assignment that it received from its patient. Instead, Plaintiff alleges that Defendant's representatives misinformed Plaintiff as to Ms. Vernon's eligibility for benefits and that Plaintiff relied upon this misrepresentation in providing medical services to the patient."). At no point does Plaintiff frame its action around its status as an assignee. Therefore, as the Ninth Circuit held in *The Meadows,* Plaintiff's status as assignee does not automatically bring it within ERISA's enforcement scheme. Rather, preemption hinges on whether the state law claim relates to the terms of the ERISA plan.

B. Plaintiff's Negligent Misrepresentation Claim is not Related to and Contingent Upon the Terms of the ERISA Plan.

■ Section 1144(a) of ERISA's civil enforcement scheme states that the provisions of ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." § 1144(a). The Supreme Court has interpreted this general preemption provision liberally: "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Yet the Court has acknowledged that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n. 21, 103 S.Ct. 2890.

In this case, Defendant alleges that the adjudication of the negligent misrepresentation claim sufficiently relates to the ERISA plan so that the claim is preempted. Defendant's argument, however, is undermined by the facts of this case. In its opposition to Plaintiff's motion, Defendant claims that the cases cited by Plaintiff are inapposite, because, under Maryland law, "the terms of the ERISA plan must be examined to determine whether the participant was covered or otherwise entitled to benefits at the time of the representation." Df.'s Opp'n at 7. Yet both parties concede that Ms. Vernon was not entitled to benefits on April 16, 1998, the date of the alleged misrepresentation. Ans. ¶ 3; Pl.'s Suppl. Mem. at 1; Df.'s Suppl. Opp'n at 2. Thus, under Defendant's own analysis, no examination of the policy is necessary.

Other Circuits have considered whether preemption applies to a state law claim when the alleged beneficiary was not covered by the policy at the time the misrepresentation occurred. In *Memorial Hospital System v. Northbrook Life Insurance Co.,* 904 F.2d 236 (5th Cir.1990), the Fifth Circuit considered whether a plaintiff's statutory negligent misrepresentation claim was preempted by ERISA. In that case, like the one here, the plaintiff allegedly received erroneous information from the health care plan regarding the status of the plan participant's coverage. *Id.* at 238 (explaining that the plan participant was not covered at the time of the alleged misrepresentation). In holding that the plaintiff's claim was not preempted by ERISA, the court stated the "provider's state law action ... would not arise due to the patient's coverage under an ERISA plan, but precisely because there is no ERISA plan coverage." *Id.* at 246. Further, the fact that the plaintiff's damages would be measured, in part, by the amount of benefits that would have been due under the plan was found to be an "incidental" relation not requiring preemption. *Id.* at 247.

The Ninth Circuit reached a similar conclusion in *The Meadows v. Employers Health Insurance,* 47 F.3d 1006, 1009 (9th Cir.1995). In that case, the court held that the state law claims of the plaintiff, a third party provider, did not "relate to" ERISA

because neither the provider nor the plan participants had any ties to the ERISA plan at the time the alleged misrepresentation occurred. *Id.* (explaining that the plan participant had terminated his relationship with his employer prior to the misrepresentation). *See also Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc.,* 164 F.3d 952, 954 (5th Cir. 1999) (holding that a negligent misrepresentation claim brought by an independent, third party health care provider was not preempted by ERISA); *In Home Health, Inc. v. Prudential Ins. Co. of Am.,* 101 F.3d 600, 606 (8th Cir.1996) (declining to extend preemption to state law claims of a third party provider because it "would not further the Congressional goal of protecting the interests of employees and their beneficiaries in employee benefit plans"); *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.,* 944 F.2d 752, 756 (10th Cir.1991)(holding that an action by a health care provider to recover payment from an insurance carrier is sufficiently distinct from an action by a plan participant against the insurer seeking recovery of benefits due under the terms of the insurance plan and therefore "[p]reemption in [the former] case would stretch the 'connected with or related to' standard too far").

■ As there is no binding Fourth Circuit precedent to the contrary,[1] this court will follow the reasoning of the other Circuits, which it finds persuasive, and hold that ERISA does not preempt a negligent misrepresentation claim made by a third party provider for services rendered to a person who was not covered by the plan at the time of the alleged misrepresentation. Accordingly, Plaintiff's Motion to Remand to State Court will be granted by separate Order.

### *ORDER*

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Remand to State Court is Granted;

2. This case is hereby REMANDED to the District Court of Maryland for Baltimore City;

3. The Clerk shall CLOSE this case; and

4. Copies of this Order and the accompanying Memorandum shall be mailed to counsel of record.

---

1. The case of *HealthSouth Rehabilitation Hospital v. American National Red Cross,* 101 F.3d 1005 (4th Cir.1996) (4th Cir.1996), is readily distinguishable from this case. In *HealthSouth,* the plaintiff brought a claim in its status as assignee for plan benefits under 29 U.S.C. § 1132, a cause of action based entirely on federal law. *Id.* at 1008. As another court noted, the issue of state law preemption was not "squarely presented" to the Fourth Circuit because "[t]he plaintiff in *HealthSouth* conceded that its state law claims were preempted." *National Rehabilitation Hosp. v. Manpower Int'l, Inc.,* 3 F.Supp.2d 1457, 1459 (D.D.C.1998)(citing *HealthSouth,* 101 F.3d at 1010). Therefore, *HealthSouth* offers no controlling rule applicable to the facts in this case.