*564 MEMORANDUM **
Catholic Healthcare West-Bay Area d/b/a St. Mary’s Medical Center (“St. Mary’s”) appeals the district court’s denial of its motion to remand this action to state court and the district court’s grant of summary judgment in favor of Seafarers Health and Benefits Plan (“Seafarers”). St. Mary’s argues that the district court lacked subject matter jurisdiction — due to lack of a federal question' — because the Complaint contains only state law claims for breach of implied contract, negligent misrepresentation, estoppel, quantum me-ndt, and indebitatus assumpsit. Seafarers argues that these state law claims are preempted by ERISA because they necessarily involve the interpretation of an ERISA plan as applied to an assignee of ERISA benefits. For the reasons discussed below, we reverse the district court’s judgment and remand with instructions to remand the action to state court.[1]
ERISA preempts “any and all State laws insofar as they may now or hereafter relate to any employee benefit plan” that is subject to ERISA. 29 U.S.C. § 1144(a). We have formulated a “relationship test” to determine whether ERISA preempts a state law. Geweke Ford v. St. Joseph’s Omni Preferred Care Inc., 130 F.3d 1355, 1358 (9th Cir.1997). Under the relationship test, ERISA preempts a state law claim if the claim encroaches on the relationships ERISA regulates, “such as between plan and plan member, plan and employer, and plan and trustee.” Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1219 (9th Cir.2000). However, where a third party medical provider sues an ERISA plan based on contractual obligations arising directly between the provider and the ERISA plan (or for misrepresentations of coverage made by the ERISA plan to the provider), no ERISA-governed relationship is implicated and the claim is not preempted. See The Meadows v. Employers Health Ins., 47 F.3d 1006, 1008-11 (9th Cir.1995). This is so because ERISA does not preempt “claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages.” Id. at 1008; Blue Cross, 187 F.3d at 1048-M9.
Although St. Mary’s could have brought an ERISA claim derivatively as an assign-ee, the Complaint does not assert a derivative claim. The Complaint does not mention an assignment and does not predicate its alleged right to recovery on any assignment. Rather, the Complaint asserts claims based on a direct contractual relationship that arose between St. Mary’s and Seafarers and misrepresentations made to St. Mary’s by Seafarers. None of these claims rest on the assignment of benefits under an ERISA plan, the claims are based on independent state law, and the dispute involves a contract and representations made between a third party provider and a plan — a relationship that is not governed by ERISA.
In addition, contrary to Seafarers’ assertions, the ultimate fact finder will not have to interpret an ERISA plan to determine the terms of the implied contract or the nature of Seafarers’ misrepresentations. It is our reading of the Complaint — confirmed by counsel at oral argument — that *565 St. Mary’s has alleged implied contract formation and misrepresentations that are completely independent of the" terms and meaning of an ERISA plan. In fact, based on St. Mary’s representations to this Court, any claims it might have had under Seafarers’ plan either have been resolved or waived and should not be considered in determining the validity of its remaining state law claims — including the terms of any implied contract or the basis of any misrepresentations. Thus, to the extent St. Mary’s attempts to do so, our decision precludes an attempted end-run around ERISA by wholesale incorporation of an ERISA plan into the terms of an implied contract.
Seafarers also contends that it gave only a qualified verification of eligibility to St. Mary’s and that this disclaimer did not amount to a contractual agreement or a misrepresentation. That Seafarers may succeed on the merits does not alter the fact that St. Mary’s Complaint asserts only non-preempted state law claims.
We find that ERISA does not preempt St. Mary’s state law claims, and therefore, the district court lacked jurisdiction. Accordingly, the court had no authority to rule on Seafarers’ motion for summary judgment or to enter judgment in Seafarers’ favor. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). We therefore reverse and remand with instructions to vacate the judgment and remand the action to state court for lack of subject matter jurisdiction.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Whether ERISA preempts stale law is a question of subject matter jurisdiction and is a question of law we review de novo. Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045, 1049-50 (9th Cir.1999). We also review de novo the denial of a motion to remand for lack of subject matter jurisdiction. Audette v. Int'l Longshoremen’s & Warehousemen's Union, 195 F.3d 1107, 1111 (9th Cir.1999).