**JEFFERSON PARISH HOSPITAL DISTRICT NO. 2, Parish of Jefferson, State of Louisiana, d/b/a East Jefferson General Hospital**

v.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND.**

Civ. A. No. 92–3888.

United States District Court,
E.D. Louisiana.

Feb. 11, 1993.

Rodney J. Lacoste, Jr., Stassi, Rausch & Giordano, Metairie, LA, for plaintiff.

J. David Forsyth, Sessions, Fishman, Boisfontaine & Nathan, New Orleans, LA, for defendant.

ORDER AND REASONS

ARCENEAUX, District Judge.

Plaintiff asks the court to remand this matter on grounds that the Employee Re-

tirement Income Security Act ("ERISA") does not govern this action. Having reviewed the applicable law, the record, and the memoranda in support and opposition, the court grants plaintiff's motion for the reasons that follow.

## BACKGROUND

East Jefferson General Hospital ("the Hospital") admitted Robert Stewart to its Chemical Dependency Unit in April, 1992, prior to which it orally verified his health care benefits with the defendant Central States, Southeast and Southwest Areas Health and Welfare Fund ("the Fund"). The Hospital charges that the Fund denied coverage despite verification at the time of his hospital admission and refuses to pay his hospital costs. The Hospital sued the Fund in state court on grounds that it detrimentally relied on the Fund's verification of coverage. The defendant removed the action to this court by asserting that ERISA,[1] which provides federal jurisdiction, governs this action.

Plaintiff argues that this action is not governed by ERISA because it alleges a state law claim of detrimental reliance and does not seek to recover benefits as an assignee. Defendant counters that the Hospital's claims are preempted by ERISA because it is the assignee of Mr. Stewart's benefits.

## ANALYSIS

### Preemption of State Law Claims

Two types of actions may be brought against an ERISA plan: (1) actions under ERISA § 502 to recover plan benefits or to enforce a participant's rights under a plan, and (2) actions against ERISA plans for state law claims such as unpaid rent, failure to pay

1. Defendant asserted in its notice of removal that the Fund is an employee benefit plan and, as such, is governed by ERISA. Plaintiff does not contest defendant's fund status.

2. *Hermann Hospital v. MEBA Medical and Benefits Plan (Hermann II)*, 959 F.2d 569, 577 (5th Cir.1992) (citing *Mackey v. Lanier Collection Agency and Service, Inc.*, 486 U.S. 825, 832, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988)).

3. *Mackey*, 486 U.S. at 832, 108 S.Ct. at 2187.

creditors, or torts.[2] ERISA preempts only those actions within the first category.[3]

The United States Court of Appeals for the Fifth Circuit further identifies two unifying characteristics that are present in all cases where ERISA preempts. First, the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan. Second, the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.[4]

In *Memorial Hosp. System v. Northbrook Life Ins. Co.*,[5] the Fifth Circuit determined that the hospital, which sued for negligent misrepresentation of coverage, brought the action in its independent status, not as an assignee to recover benefits. Its independent status took the claim out of ERISA coverage and destroyed federal jurisdiction. The court found that the patient's assignment of benefits was irrelevant to the hospital's ability to recover in its independent status.[6] The court further rejected the argument that the hospital's damages, measured by the amount of benefits it would have received, were recovery of benefits in disguise. The court found this relationship incidental to the ERISA plan which did not require preemption.

The court distinguished *Hermann Hosp. v. MEBA Medical & Benefits Plan (Hermann I)*[7] in which a hospital brought common law claims to recover benefits owed to a fund participant. The court held that the claims were preempted by ERISA because the hospital sued as an assignee of the patient's benefits.

Here, the Hospital argues and the court agrees that it sues in its independent status for detrimental reliance on the Fund's

4. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990).

5. 904 F.2d 236 (5th Cir.1990).

6. 904 F.2d at 250.

7. 845 F.2d 1286, 1290 (5th Cir.1988).

statement that the patient was a covered beneficiary. The Hospital does not seek to recover as an assignee of benefits despite the fact that an assignment was made. The court finds, as the Fifth Circuit instructs, that the amount of damages equal to the amount of benefits the Hospital would have received is insufficient to require a finding of preemption.

Further, the court finds neither of the unifying characteristics present. Specifically, the state law claim of detrimental reliance does not address an area of exclusive concern. Neither does the claim directly affect the relationship among traditional ERISA entities.

### CONCLUSION

Because plaintiff bases its claim on detrimental reliance, and not on recovery of the patient's benefits, the claim is not sufficiently related to the employee benefit plan. The claim is not preempted by ERISA and belongs in state court. Accordingly,

IT IS ORDERED that plaintiff's motion is GRANTED, and this matter is REMANDED pursuant to 28 U.S.C. § 1447.