JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 2, PARISH OF JEFFERSON, STATE OF LOUISIANA, d/b/a East Jefferson General Hospital

v.

PRINCIPAL HEALTH CARE OF LOUISIANA, INC.

Civil Action No. 95–3467.

United States District Court, E.D. Louisiana.

April 3, 1996.

Rodney J. Lacoste, Jr., Law Offices of Patrick J. Berrigan, PLC, Slidell, LA, for plaintiff.

Dan Richard Dorsey, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for defendant.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is plaintiff's motion to remand. The plaintiff ask this Court to remand the above captioned matter on the basis that the Employment Retirement Income Security Act (ERISA) does not govern this suit. *See* 29 U.S.C. § 1001 *et seq.* This motion was taken under submission by the Court on the briefs. After a review of the applicable law, the record, and the memoranda in support and opposition, the Court GRANTS the plaintiff's motion to remand for the following reasons.

### BACKGROUND

On May 17, 1994, Tammy Borne was admitted to East Jefferson General Hospital (EJGH) for treatment. Prior to admitting Ms. Borne, EJGH sought to ascertain whether Ms. Borne was covered by insurance. On May 4, 1994, the plaintiff contacted the defendant, Principal Health Care of Louisiana (Principal), and verified that Ms. Borne was covered by the defendant through her employer. Along with this confirmation, Ms. Borne signed a standard consent and release form provided by the plaintiff which contains a clause for an assignment of benefits and rights. Upon admittance Ms. Borne was not required to pay for the services she received or pay a deposit.

Ms. Borne was discharged on May 22, 1994 after receiving treatment at a cost of $9,927.92. The plaintiff sought payment from the defendant for these costs but was informed by Principal that Ms. Borne's coverage had terminated on April 30, 1994. This refusal led EJGH to file suit in the 24th Judicial District Court for the Parish of Jefferson alleging that they detrimentally relied upon the defendant's alleged negligent misrepresentations concerning Ms. Borne's coverage. Principal removed the case to this Court asserting that EJGH's claim is preempted by ERISA and thus removable to this Court. *See* 29 U.S.C. § 1144(a) and 28 U.S.C. § 1441. The plaintiff now seeks to have this case remanded to state court on the grounds that ERISA does not govern this action.

### ANALYSIS

ERISA contains a preemption clause which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a). Ordinarily, preemption of a state law claim would merely be a defense and would not support removal under the "well-pleaded complaint" rule but ERISA preemption is so comprehensive in nature as to provide a basis for removal even though it is a defense. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987). The Supreme Court has ruled that the intent of

Congress was to have the ERISA preemption clause interpreted in the broadest possible manner. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) and *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 138–39, 111 S.Ct. 478, 482–83, 112 L.Ed.2d 474 (1990).

In the instant action, the Court must determine whether ERISA should preempt the type of general state law claim brought by the plaintiff.[1] EJGH alleges that they have a state law claim against the defendant for detrimental reliance. *See* La.C.C. art. 1967. As described above, the plaintiff asserts that it detrimentally relied on the defendant's verification of coverage. Therefore, the plaintiff seeks damages which, if proved, will be the benefits Tammy Borne would have received had she been covered by the defendant at the time care was provided.

In reviewing the law applicable to this case, the Court does not navigate on unchartered waters. In *Jefferson Parish Hospital District No. 2 v. Central States, Southeast and Southwest Areas Health Fund,*[2] another section of this Court addressed the same issue raised by this case. *Central States* concerned a claim by EJGH against an ERISA plan for detrimental reliance. In that case, the hospital received oral verification of a possible patient's health care benefits before the patient was admitted. *Id.* at 26. After the patient received treatment, the plan refused to pay his hospital costs. *Id.* To recover their costs the hospital brought its claim for detrimental reliance in state court which was then removed to federal court by the defendant on the basis of ERISA preemption. After a careful analysis of the law of ERISA preemption, the *Central States* court found that the hospital did not seek to recover as an assignee of the patient, despite the fact that an assignment was executed, and that the fact that the amount of damages would equal the amount of benefits

the hospital would have received was insufficient to require preemption. *Id.* at 27.

 Since the *Central States* ruling, the law in this area has not changed but has actually developed in such a manner as to solidify its holding. The Fifth Circuit has restated its general test for when a state law cause of action, such as EJGH's claim, is preempted by 29 U.S.C. § 1144(a). In *Hubbard v. Blue Cross & Blue Shield*[3] the court stated that ERISA preemption is applicable when,

(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and

(2) the claim directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Id.* at 945.

Neither prong of the above test are met in this case. The state law claim of detrimental reliance does not address, despite the defendant's assertions to the contrary, an area of exclusive federal concern. *Central States,* 814 F.Supp. at 27. Furthermore, EJGH's claim does not affect the relationship between the traditional ERISA entities. Only the plan and a third party health care provider are involved in this case. *See Brookwood Medical Center v. Celtic Life Insurance Co.,* 637 So.2d 1385 (Ala.Civ.App.1994) (holding that ERISA did not preempt a state law claim of negligent misrepresentation of coverage brought by a third party health care provider against an insurance company).

The patient's assignment of right in this action is irrelevant to the hospital's right to recover from the plan in its independent status as a hospital. *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 250 (5th Cir.1990).[4] Therefore, the de-

---

1. The 29 U.S.C. § 1144(a) clearly preempts all state laws which are specifically designed to affect ERISA plans. The difficulty begins when Courts must determine when ERISA preempts state laws of general application such as state contract or tort law. *See Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321, 1329 (5th Cir. 1992).

2. 814 F.Supp. 25 (E.D.La.1993).

3. 42 F.3d 942 (5th Cir.1995).

4. *Memorial Hospital* is a case strikingly similar to the instant matter. It concerned a third party health care provided who sued a health insurer under a Texas statute for negligent misrepresentation of coverage. The *Memorial Hospital* court

fendants argument that EJGH is actually an assignee or direct beneficiary of the plan is without merit. The plaintiff is suing the Plan in its independent status and does not derive its right to sue from the plan participant. *The Meadows v. Employers Health Insurance*, 826 F.Supp. 1225, 1231 (D.Ariz. 1993).[5] Additionally, the fact that the damages, if any, in this case may be equal to the amount of benefits the Plan would have paid out does not mean that the suit is preempted by ERISA and removable to federal court. *Rozzell v. Security Services, Inc.*, 38 F.3d 819, 822 (5th Cir.1994).

The defendant in this case places great significance on the fact that the hospital and the Plan had a contractual relationship in that they had entered into a health maintenance organization (HMO) agreement. The Plan argues that this fact takes this case out of the *Central States* context and into ERISA. This is a distinction without a difference. The terms of the HMO agreement may be at issue in the state law claim but this does not mean, as the defendant asserts, that the matter concerns the right to receive benefits under the terms of an ERISA plan.

### CONCLUSION

The plaintiff's claim in this matter does not involve an area of exclusive federal concern and it does not affect the relationship between the traditional ERISA entities. *See Hubbard v. Blue Cross & Blue Shield, supra.* Furthermore, the plaintiff is suing in its independent status and not as an assignee of rights in order to recover a patient's benefits. *See Jefferson Parish Hospital v. Central States, supra.*

For the foregoing reasons, the plaintiff's motion to remand is GRANTED.

THEREFORE, IT IS HEREBY ORDERED that the above captioned matter be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

---

found that this claim under Texas law was not preempted by ERISA and stated that "[w]e do not think that Congress intended ERISA to regulate the commercial interactions of such entities in such situations." *Id.* at 250. This Court agrees.

**5.** *The Meadows* court stated that "courts have recognized that where the plaintiff is a third party health care provider, suing non-derivatively, preemption does not necessarily occur." *Id.*