# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-2843

———————

Robert E. Lyons, et al.,                       *
                                               *
    Plaintiffs - Appellants,               *
                                               *    Appeal from the United States
v.                                             *    District Court for the
                                               *    District of Minnesota.
Philip Morris Incorporated, et al.,            *
                                               *
    Defendants - Appellees.                *

———————

Submitted:  June 12, 2000

Filed:  September 1, 2000

———————

Before LOKEN and BRIGHT, Circuit Judges, and HAND,* District Judge.

———————

LOKEN, Circuit Judge.

The trustees of twenty-five multi-employer health benefit plans (the Trustees) commenced this action in Minnesota state court, asserting various state law claims against defendant tobacco companies.  The Trustees seek damages and equitable relief to remedy alleged injury to the plans, including "higher administrative costs . . . in the form of paying claims for care associated with tobacco related illnesses."  Defendants removed the case to federal court, and the Trustees moved to remand.  Concluding that

_____

*The HONORABLE WILLIAM BREVARD HAND, United States District Judge for the Southern District of Alabama, sitting by designation.

the Trustees "are essentially making subrogation claims" for the recovery of health benefits paid, the district court[1] denied their motion to remand because those claims are preempted by the Employee Retirement Income and Security Act, 29 U.S.C. §§ 1001 *et seq.* (ERISA). The Trustees then filed a second amended complaint, which contained none of the earlier state law claims, nor any claim under ERISA, but asserted claims under the federal antitrust laws and RICO. In separate orders, the district court dismissed those claims on the merits and dismissed defendant B.A.T Industries (BAT) for lack of personal jurisdiction. The Trustees appeal, arguing the district court lacked removal jurisdiction over their initial suit and improperly dismissed their antitrust claims, their RICO claims, and defendant BAT. We affirm.

## I. Removal Jurisdiction

The Trustees argue that removal was improper because the district court lacked subject-matter jurisdiction over their state court complaint. Therefore, we should remand the case to the district court with instructions to remand it to state court. We reject this contention for two independent reasons.

**A. ERISA Preemption.** A civil action is removable if the district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Here, the Trustees' state court complaint pleaded only state law claims. That is a plaintiff's prerogative, and it is normally honored. Under the "well-pleaded complaint" rule, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). However, the well-pleaded complaint rule does not apply if Congress has evidenced an intent that

___

[1]The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United States District Court for the District of Minnesota.

-2-

federal law completely displace state law. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-56 (1987), the Supreme Court held that the comprehensive civil remedies in § 502(a) of ERISA, 29 U.S.C. § 1132(a), completely preempt state law remedies. On the same day, the Court applied this ruling to a challenged removal, concluding that "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). In other words, "[c]auses of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." Hull v. Fallon, 188 F.3d 939, 942 (8th Cir. 1999). If any of the Trustees' state law claims are within the scope of § 502(a), the case was properly removed.[2]

Section 502(a) provides that an ERISA fiduciary may bring a civil action "to obtain . . . appropriate equitable relief . . . to enforce . . . the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii). The federal courts have exclusive jurisdiction over such actions. See § 502(e)(1), 29 U.S.C. § 1132(e)(1). Here, the Trustees are ERISA fiduciaries, and some of their state law claims included requests for equitable relief. Section 502(a) preemption extends to § 502(a)(3). See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144-45 (1990). Thus, the issue is whether any of the Trustees' claims fall within the scope of § 502(a)(3).

To the extent the Trustees seek monetary relief, their state law claims (whether legal or equitable in nature) are premised on the recovery of health benefits paid by

---

[2]Both parties recognize that if any one of the Trustees' claims was removable, the entire case was removable. See 28 U.S.C. § 1441(c).

ERISA plans to ERISA beneficiaries on account of the beneficiaries' tobacco-related health care costs. It is undisputed that the plans contain subrogation clauses affording them a right to recover benefits paid when a beneficiary is entitled to recover for that loss from a third party.[3] We have previously held that a fiduciary's claim against a plan beneficiary for specific performance of the plan's subrogation clause falls within § 502(a)(3)'s exclusive jurisdiction over suits to enforce the terms of the plan. See Southern Council of Indus. Workers v. Ford, 83 F.3d 966, 969 (8th Cir. 1996).

Defendants argue that Southern Council controls the jurisdiction issue in this case. The Trustees cite one obvious difference between this case and Southern Council -- they have sued third parties, not plan beneficiaries. We conclude that difference does not eliminate § 502(a)(3) jurisdiction over their claims to recover health care benefits paid by the plans. It is now settled that "§ 502(a)(3) admits of no limit . . . on the universe of possible defendants." Harris Trust v. Salomon Smith Barney, 120 S. Ct. 2180, 2187 (2000) (upholding action under § 502(a)(3) against third-party transferee of tainted plan assets). The only limitation in the statute is that a fiduciary may only obtain "appropriate equitable relief." In addition, we disagree with the Trustees' assertion that their state law claims against third-party tortfeasors do not impact core ERISA relationships. The Trustees' claims to recover benefits paid are no better than the as-yet-unasserted claims by plan beneficiaries who directly suffered the alleged tobacco-related injuries, and who would be entitled to recover health care costs if successful. If these beneficiaries did not intervene in the Trustees' state law action, their ability to recover from an insolvent defendant would be compromised if the Trustees won, and they would run the risk of being bound by an adverse decision if the

---

[3]The Trustees argue that their state law claims to recover benefits paid are not based upon subrogation rights conferred by the plans, but rather upon the right to sue under state law recognized in State v. Philip Morris Inc., 551 N.W.2d 490 (Minn. 1996). However, when § 502(a)(3) provides a remedy, any additional remedy under state law is completely preempted.

-4-

Trustees lost. See RESTATEMENT (2D) JUDGMENTS § 41. If beneficiaries did intervene and all plaintiffs prevailed, the apportionment of damages would depend upon plan provisions regarding subrogation, assignment of claims, and the Trustees' authority to seek recovery on behalf of beneficiaries. In these circumstances, we conclude that § 502(a)(3) provides federal jurisdiction over at least some of the Trustees' claims, and their motion to remand was therefore properly denied.[4]

We do not share the Trustees' concern that Southern Council and this decision will "federalize" personal-injury litigation involving ERISA beneficiaries. When an ERISA plan has paid benefits and is entitled to subrogation, typically either the injured beneficiary or the subrogated plan sues the alleged tortfeasor in the name of the beneficiary for damages, including health care expenses the beneficiary incurred. The plan's subrogation rights are not at issue in that lawsuit. A separate § 502(a)(3) claim will arise, as in Southern Council, only if the beneficiary recovers from the tortfeasor and refuses to reimburse the plan. Here, on the other hand, the Trustees have sued the alleged tortfeasors directly, alleging the plans' own right to recover. Because the subrogation right is protected in the plans and impacts the relationship between the plans and injured beneficiaries, § 502(a)(3) applies.

**B. The Trustees Waived This Issue.** Defendants further argue that the Trustees waived their objection to the district court's jurisdiction when they amended their complaint to include federal antitrust and RICO claims. Given the unusual procedural history of this case, we agree.

---

[4]Because we conclude the district court had federal question jurisdiction, we need not consider defendants' alternative argument that removal was proper because the court had diversity jurisdiction, an issue which turns on whether the citizenship of out-of-state Trustees should be disregarded.

In general, "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing jurisdiction if federal jurisdictional requirements are met at the time judgment is entered." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 64 (1996). Here, the district court had subject-matter jurisdiction when it dismissed the Trustees' second amended complaint because that complaint asserted exclusively federal statutory causes of action. See 28 U.S.C. §§ 1331, 1337. The Trustees argue, however, that this case falls within an exception to the general rule because they amended their initial complaint "involuntarily" after the district court ruled that their state law claims were preempted. See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000); In Home Health v. Prudential Ins. Co., 101 F.3d 600, 603-04 (8th Cir. 1996); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1241 (8th Cir. 1995).

In denying the Trustees' motion to remand, the district court concluded they "are essentially making subrogation claims, *especially with respect to their equitable claims. These claims are preempted by ERISA,* and removal to federal court was proper." (Emphasis added.) Defendants then moved to dismiss the state law claims, and the Trustees moved for leave to file a second amended complaint. The district court granted the Trustees' motion, explaining:

> Due to ERISA preemption, Plaintiffs have indicated a desire to amend their complaint to add ERISA and other federal law claims. . . . [T]he Court will grant Plaintiffs' motion to amend their complaint. This so being, the Court will disregard Defendants' present Motion to Dismiss and allow Defendants an opportunity to file a Second Motion to Dismiss based on Plaintiffs' anticipated Second Amended Complaint. . . . [T]he Court reiterates that ERISA is one such area in which complete preemption applies. . . . Therefore, Plaintiffs' state law claims are not dismissed; they are, in fact, displaced by ERISA.

If the Trustees' second amended complaint had reiterated their state law claims and added an ERISA § 502(a)(3) claim, this additional claim might well have been an

"involuntary"federal claim, in which case the removal issue would be preserved for an eventual appeal. But the Trustees instead filed a second amended complaint that dropped *all* their state law claims, despite the district court's suggestion that some might not be preempted; failed to assert any ERISA claim; and asserted new federal antitrust and RICO claims. This radical restructuring of their lawsuit was not involuntary. Therefore, the district court had jurisdiction when final judgment was entered, and its earlier remand order was not preserved for appeal.

## II. Antitrust and RICO Standing

The Trustees argue that the district court improperly dismissed their federal claims for lack of standing. We disagree. Standing to sue under RICO and the federal antitrust laws requires "some direct relation between the injury asserted and the injurious conduct alleged." Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992) (RICO); see Associated Gen. Contractors, Inc. v. Carpenters, 459 U.S. 519, 540-45 (1983) (antitrust). The Trustees allege an indirect injury -- that the defendants' tobacco products cause illnesses in plan beneficiaries who smoke, and the plans must pay the costs of treating those illnesses. We agree with the five other circuits that have denied antitrust and RICO standing to ERISA plans who seek to recover for this type of indirect injury. See Texas Carpenters Health Benefit Fund v. Philip Morris Inc., 199 F.3d 788, 789-90 (5th Cir. 1999); International Bhd. of Teamsters, Local 734 Health & Welfare Trust Fund v. Philip Morris Inc., 196 F.3d 818, 823-25 (7th Cir. 1999); Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc., 191 F.3d 229, 237 (2d Cir. 1999), cert. denied, 120 S. Ct. 799 (2000); Oregon Laborers-Employers v. Philip Morris, Inc., 185 F.3d 957, 964 (9th Cir. 1999); Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 921, 934 (3d Cir. 1999). The Trustees argue that defendants' unlawful intent alters the analysis. However, "[t]he availability of [an antitrust] remedy . . . is not a question of the specific intent of the conspirators." Associated Gen. Contractors, 459 U.S. at 537.

### III.  Personal Jurisdiction over BAT

In the district court, defendant BAT moved to dismiss for lack of personal jurisdiction, submitting lengthy affidavits and supporting documents.  In a thorough order, the court granted that motion, finding that BAT is a holding company incorporated in England with its sole office in London; that BAT has never had more than 185 employees; that BAT itself has not manufactured, marketed, sold, or distributed tobacco products and has conducted no business in the State of Minnesota; that BAT itself engaged in no conduct "purposefully directed toward residents" of Minnesota, see Calder v. Jones, 465 U.S. 783 (1984); and that BAT has not controlled the day-to-day operations of its independently managed tobacco subsidiaries so that the subsidiaries' separate corporate veils may be pierced, see Bielicki v. Empire Stevedoring Co., 741 F. Supp. 758, 761-63 (D. Minn. 1990) (discussing when a subsidiary's corporate veil should be pierced to establish personal jurisdiction over a foreign parent).

The Trustees appeal that ruling.  Their briefs contain conclusory assertions that BAT "created and oversaw a deceptive smoking and health policy" and "impos[ed] an empire-wide policy that the link between smoking and disease is 'unproven.'"  But the Trustees provide no supporting cites to the district court record, and their separate appendix on appeal includes *no* factual materials supporting their position on this issue.  On the other hand, BAT's separate appendix contains factual materials submitted to the district court.  These materials strongly support the court's decision that BAT lacked the minimum contacts with the forum State, Minnesota, necessary to establish personal jurisdiction under the Minnesota long-arm statute and the Due Process Clause of the Fourteenth Amendment.  On this record, the decision of the district court to dismiss BAT for lack of personal jurisdiction must be affirmed.

The judgment of the district court is affirmed.  Defendants' motion to strike the Trustees' argument-laden July 5, 2000, letter submission is granted.  <u>See</u> Fed. R. App. P. 28(j).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.