182 F.Supp.2d 856 (2001)
Lisa STEWART and James Stewart, Plaintiffs,
v.
PERSHING HEALTH SYSTEM, Defendant.
No. 2:00 CV 82 DDN.
United States District Court, E.D. Missouri, Eastern Division.
February 13, 2001.
*857 Timothy H. Bosler, Chillicothe, MO, for Plaintiffs.
Richard H. Kuhlman, Blackwell Sanders Peper Martin LLP, St. Louis, MO, Shelly Runion, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Defendant.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the court upon the motions of defendant Pershing Health System to dismiss or in the alternative, to strike defendant Pershing Health Systems (Doc. No. 9) and plaintiffs' motion to remand (Doc. No. 21). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
*858 Plaintiffs Lisa Stewart and James Stewart commenced this action in the Circuit Court of Linn County, alleging negligent and fraudulent misrepresentation on the part of plaintiff Lisa Stewart's employer, defendant Pershing Health Systems. She alleged that in January 1998 her employer announced an open enrollment for a new health insurance plan ("Plan"). She further alleged that her employer represented to her that there would be no exclusions under the Plan for those enrolling during the open enrollment period.[1] Finally, she alleged that based on these representations, she enrolled in the Plan with her husband, James, and she canceled her private health insurance. In June 1998, her husband, plaintiff James Stewart, was injured while working as a self-employed farmer. Ultimately, the Plan denied coverage for plaintiff James Stewart's injury because of an exclusion which denied coverage for injuries received while engaged in self-employment. Plaintiffs sought actual and punitive damages from defendant Pershing Health System for negligent and fraudulent misrepresentation.
Defendant removed the action from the Circuit Court of Linn County to this court. Defendant now moves for dismissal, arguing that plaintiffs' cause of action is against the Plan and that it is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA") because plaintiffs are actually seeking plan benefits. Defendants further argue that plaintiffs fail to allege a cause of action under ERISA and that their petition should be dismissed.
Plaintiffs have moved to remand the action back to the Circuit Court of Linn County, arguing that the Plan is not a critical factor to establishing liability and that plaintiffs are not suing for plan benefits. Rather, they argue that their claim arose from facts that occurred before the Plan went into effect. Plaintiffs also argue that courts have held that negligent and fraudulent misrepresentation claims are not preempted by ERISA and that, therefore, this court does not have jurisdiction.
As a threshold issue, this court must determine whether removal was appropriate. If it was not, the court does not have subject matter jurisdiction and the court must grant plaintiffs' motion to remand to state court. Defendant's motion to dismiss and its alternative motion to strike also must be denied as moot. "For a federal court to have subject matter jurisdiction over a case, the parties must be completely diverse or a federal question must appear on the face of the plaintiff's well-pleaded complaint." Tovey v. Prudential Ins. Co. of America, 42 F.Supp.2d 919, 922 (W.D.Mo.1999). The face of plaintiffs' complaint reveals the following:
21. As a direct result of negligent misrepresentation made by the Hospital before the Plaintiffs' enrollment and as an inducement for Plaintiff's enrollment into the Plan, James Stewart is now unable to purchase health insurance coverage except as a family member under his wife's employee coverage.
22. If Lisa Stewart would have known that the Plan excluded injuries occurring to a self-employed insured even if the insured was not covered under a Worker's Compensation Plan, Lisa Stewart would not have enrolled herself and James Stewart in the Plan.
23. The conduct of the Hospital in failing to provide written material prior to enrollment and failing to provide accurate information upon direct inquiry concerning exclusions, the Hospital conduct *859 is in conscious disregard of the rights of the Plaintiffs and is willful, wanton and malicious conduct entitling the Plaintiffs to recover punitive damages.
Petition attached to Notice of Removal, filed October 13, 2000 (Doc. No. 1), at 4.
The court notes that plaintiffs allege Missouri common law claims of negligent and fraudulent misrepresentation. Nowhere in the complaint do plaintiffs allege a claim under ERISA. Defendant relies on 29 U.S.C. § 1144(a) which provides the following:
[T]he provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.
29 U.S.C. § 1144(a).
However the Eighth Circuit has held that "[u]nder the `well-pleaded complaint' rule, `a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint.'" Lyons v. Philip Morris Inc., 225 F.3d 909, 912 (8th Cir.2000) (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The court in Lyons continued:
However, the well-pleaded complaint rule does not apply if Congress has evidenced an intent that federal law completely displace state law. "Once an area of state law has been completely pre-empted, any claim purported based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."
In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that the comprehensive civil remedies in § 502(a) of ERISA, 29 U.S.C. § 1132(a) completely preempt state law remedies.
Id. (quoting Caterpillar v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Lyons finally noted that "[c]auses of actions within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." Id. (quoting Hull v. Follon, 188 F.3d 939, 942 (8th Cir.1999), cert. denied, 528 U.S. 1189, 120 S.Ct. 1242, 146 L.Ed.2d 101 (2000)).
Therefore, the court will consider whether plaintiffs' state law claims "relate to" an ERISA plan pursuant to § 1144(a) and whether the remedies plaintiff seek fall within the comprehensive civil remedies in § 1132(a).

A. 29 U.S.C. § 1144(a)
§ 1144(a) provides that ERISA preempts any state law that "relates to" any employee benefit plan. See 29 U.S.C. § 1144(a). The Supreme Court of the United States has held that "[a] law `relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). See also California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc., 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997).
The Eighth Circuit has already addressed whether the Missouri state common-law tort of negligent misrepresentation contains a reference to ERISA. See Wilson v. Zoellner, 114 F.3d 713 (8th Cir. 1997); In Home Health, Inc. v. The Prudential Ins. Co. of America, 101 F.3d 600 (8th Cir.1996). In Home Health set forth the elements of negligent misrepresentation *860 that a plaintiff must prove under Missouri law as follows:
(1) that the speaker supplied information in the course of speaker's business or because of some other pecuniary interest; (2) that, due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) that the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) that the listener justifiably relied on the information; and (5) that as a result of the listener's reliance on the statement, the listener suffered a pecuniary loss.
In Home Health, 101 F.3d at 602 n. 2 (quoting Colgan v. Washington Realty Co., 879 S.W.2d 686, 689 (Mo.Ct.App.1994)). The Eighth Circuit then held that "[u]pon considering these elements of the tort, we concluded that the state common law on negligent misrepresentation is of general application. It does not actually or implicitly refer to ERISA plans." Zoellner, 114 F.3d at 717. See also, Shea v. Esensten, 208 F.3d 712, 717 (8th Cir.) (Shea II) (discussing Minnesota law of negligent misrepresentation), cert. denied, 531 U.S. 871, 121 S.Ct. 172, 148 L.Ed.2d 118 (2000).
The Eighth Circuit, regarding whether the action has a prohibited connection with an ERISA plan, has acknowledged that courts must "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." Wilson, 114 F.3d at 717 (quoting Dillingham, 519 U.S. at 325, 117 S.Ct. 832). In doing so, the Eighth Circuit has considered the following factors:
The factors include whether the state law: (1) negates an ERISA plan provision; (2) affects relations between primary ERISA entities; (3) impacts the structure of ERISA plans; (4) impacts the administration of ERISA plans; (5) has an economic impact on ERISA plans; (6) may be preempted consistent with other ERISA provision; and (7) is an exercise of traditional state power.
In Home Health, 101 F.3d at 605 (citing Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1344-45 (8th Cir.1991), cert. denied, 504 U.S. 957, 112 S.Ct. 2305, 119 L.Ed.2d 227 (1992)).
In Wilson, the court applied these factors and concluded that the plaintiff's negligent misrepresentation claim was not preempted. Wilson, 114 F.3d at 721. The critical distinction between the case at bar and Wilson, is that in Wilson, plaintiff was suing an insurance agent of a company who provided coverage for plaintiff's employer. Therefore, the insurance company and its agent were separate from the employer. However, in the case at bar, the employer, the Plan, and the Plan Administrator are the same. Therefore, defendant argues that suing the defendant as plaintiff's employer is the same as suing the Plan or the Plan Administrator and that this distinction renders Wilson inapplicable because it is impossible to avoid a connection with the ERISA plan. Plaintiff argues the following:
The Stewart's claim is not against the Plan. The Stewart's claim arose from facts that occurred before the Plan went into effect or before the Stewarts became beneficiaries under the plan. If the Stewart's prevail they will not be entitled to Plan benefits but will be looking to the Defendant for recovery.
Pl. Mem. in Opp., filed December 5, 2000 (Doc. No. 9), at 4.

1. Negates an ERISA plan provision
Defendant argues that plaintiffs are indirectly seeking benefits from the Plan that were denied to plaintiff James Stewart, *861 benefits which were specifically excluded from the plan. Plaintiffs argue that they are not making a claim under an ERISA Plan.
The court concludes that plaintiffs' lawsuit will not negate any plan provision because plaintiffs are not suing for plan benefits. See In Home Health, 101 F.3d at 605. That court held that "Home Health is not suing for plan benefits. It is suing for Prudential's misrepresentation that Rich had not exceeded his $1 million in benefits provided by the plan." Id. The Western District of Missouri has further held as follows:
Plaintiffs are not suing for plan benefits or challenging any provision of the [Plan]. Instead, they allege that Defendants withheld information about the imminent sale of the company and therefore prevented them from making an informed analysis about whether they would be eligible for plan benefits. This assertion does not negate any provision of the ERISA plan itself.
Thrailkill v. Amsted Industries Inc., 102 F.Supp.2d 1129, 1133 (W.D.Mo.2000).

2. Affects Relations Between Primary ERISA Entities and Impacts the Structure of ERISA plans
The Eighth Circuit has treated these two factors as identical. See In Home Health, 101 F.3d at 605 (citing Arkansas Blue Cross Blue Shield, 947 F.2d at 1346); Wilson, 114 F.3d at 718. Defendant argues that plaintiff's lawsuit does affect relations between primary ERISA entities and impacts the structure of ERISA plans because the defendant as plaintiff's employer is also the plan, plan sponsor, plan administrator and plan fiduciary and the plaintiff's are plan participants and beneficiaries. Plaintiffs argue that they are suing defendant in its capacity as plaintiff Lisa Stewart's employer and that their claim arose from facts that occurred before they became beneficiaries of the plan. They again reassert that they are not seeking plan benefits.
"The primary ERISA entities include `the employer, the plan, the plan fiduciaries, and the beneficiaries.'" Wilson, 114 F.3d at 718 (quoting Arkansas Blue Cross Blue Shield, 947 F.2d at 1346). In Wilson, the defendant argued that since he was an agent of Prudential, the insurance company would be liable for plaintiff's damages. The defendant in that case further argued that to allow plaintiff to recover against Prudential would affect a fiduciary's relation to a beneficiary, as Prudential provided the ERISA plan to plaintiff's employer and was a fiduciary of that plan. The court responded as follows:
We reject this argument.
If Prudential incurs any liability as a result of this suit, it will do so only as the employer of a tortfeasor, and not as a plan fiduciary. Prudential will not be liable in any way for its administration of the ERISA plan, but rather for the coincidental and unrelated conduct of its agent. Because Prudential does not face any liability incurred by its role as an ERISA entity, its relationship with other ERISA entities cannot be affected by Wilson's suit.
Id.
Defendant argues that it is impossible to distinguish between the employer, the plan and the plan administrator because they are the same. The court disagrees. The court notes that defendant, as an employer, could be sued under Title VII, the ADA, or the ADEA. Defendant as a hospital could be sued for medical malpractice or personal injury. Therefore, the court concludes that defendant can be sued in its capacity as an employer for negligent misrepresentation. However, as defendant is both the employer and the Plan, this will *862 necessarily have an effect on ERISA entities. See Thrailkill, 102 F.Supp.2d at 1134 (court noted that because the state law claims are brought against an employer, they would be expected to affect a "primary ERISA entity").

3. Impacts the Administration of ERISA Plans
The court concludes that there is little impact on the administration of the plan. Once again addressing defendant's argument that its capacity as an employer cannot be distinguished from its capacity as a plan administrator, the Eighth Circuit has allowed a cause of action for negligent misrepresentation against an administrator of an employee benefit plan holding that it would not affect the administration of the ERISA plan. See In Home Health, 101 F.3d at 606 ("Allowing Home Health to proceed with its claim for negligent misrepresentation would not impose any additional administrative duties upon Prudential or require a change in administrative procedures.").
The court in Thrailkill, noted that "[t]his case is similar to Wilson, because Plaintiffs do not challenge the administration of the ESOP plan itself, but rather bring state law claims challenging acts that occurred before they were even plan beneficiaries." Thrailkill, 102 F.Supp.2d at 1134. Finally, the Eighth Circuit has held that "a lawsuit to enforce an independent state-created duty ... will not impact the structure, administration, or economics of the ERISA plan in any meaningful way." Shea II, 208 F.3d at 719. Missouri law provides a duty to exercise reasonable care of competence in providing information for the guidance of a limited group of people in a particular business transaction. See Colgan, 879 S.W.2d at 689.

4. Has an Economic Impact on ERISA Plan
The court concludes that the economic impact on the ERISA plan will be limited at most. Defendant exists in other capacities than the ERISA plan for employees. As explained above, defendant would not pay out damages resulting from a Title VII, ADA, ADEA, medical malpractice, or personal injury suit from its ERISA plan. Another example is that defendant must pay out worker's compensation to injured employees. Defendant has not demonstrated that it will be required to pay out plaintiff's potential damages from its ERISA plan. See In Home Health, 101 F.3d at 606 ("there is no evidence of an obligation on the part of the plan to indemnify Prudential for any tort committed by Prudential").

5. May be preempted consistent with other ERISA provisions
The court believes that this factor is not implicated in the case at bar. As the Eighth Circuit has held:
While we do not believe that the preemption of Wilson's suit is strongly supported by any specific provision of ERISA, we cannot say the preemption would be inconsistent with, or directly contrary to, any relevant provisions. Accordingly, this factor does not support either preemption or nonpreemption.
Wilson, 114 F.3d at 719; see also, In Home Health, 101 F.3d at 606 (this factor not implicated).

6. Exercise of Traditional State Power
Missouri has long recognized the tort of negligent representation and the Eighth Circuit has noted that Missouri "exercises a `traditional state power' in adjudicating claims of negligent misrepresentation in its courts." Wilson, 114 F.3d at 720 (citing Luikart v. Miller, 48 S.W.2d 867, 868 (Mo. *863 1932)). Therefore, the court concludes that this factor weighs against preemption.
Considering all of the factors, the court concludes that plaintiff's claims do not have a prohibited connection to the ERISA Plan. See Dillingham, 519 U.S. at 324, 117 S.Ct. 832. Therefore, plaintiff's claims are not preempted by § 1144(a).[2]

B. 29 U.S.C. § 1132(a)
The court will now address whether § 1132(a), the civil enforcement mechanism of ERISA, completely preempts plaintiffs' remedies. § 1132(a) "provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Harris v. Deaconess Health Services Corp., 61 F.Supp.2d 889, 894 (E.D.Mo. 1999) (quoting 29 U.S.C. § 1132(a)).
To determine whether a plaintiff's claims fall within § 1132(a), the court must consider the following:
First, it must be determined whether the plaintiff is eligible to bring a claim under § [1132(a)], which is limited to ERISA plan participants and beneficiaries. Second, the subject matter of an eligible plaintiff's state law claims must fall within the section's scope; in other words, the claim must seek to recover benefits, enforce rights, or clarify rights to future benefits. Third, the benefits or rights the plaintiff seeks to recover, clarify, or enforce must arise under the terms of the plaintiff's plan. The last factor is "best determined by considering whether the Court can resolve the plaintiff's state law claims without an interpretation of the plan documents."
Id. at 894 (quoting Tovey, 42 F.Supp.2d at 925).
Applying these factors to plaintiff's case, the court concludes that plaintiff's claims do not fall within § 1132(a). Plaintiffs are beneficiaries of the plan so they meet the first requirement. As to the second factor, plaintiffs have asserted time and again that they do not seek plan benefits. More importantly, they are suing based on events that occurred prior to them becoming plan beneficiaries. Therefore, the second factor is not met. Finally, the court concludes that the benefits or rights that plaintiffs seeks to recover, clarify, or enforce do not arise under the terms of the ERISA Plan.
Therefore, plaintiffs' claims do not fall within § 1132(a), ERISA's civil enforcement mechanism so they are not completely preempted. See Tovey, 42 F.Supp.2d at 922.

C. Conclusion
The court concludes that under either § 1144(a) or § 1132(a), plaintiffs' claims are not preempted by ERISA. As such, removal was inappropriate and this court is without subject matter jurisdiction. Therefore, the court will grant plaintiff's motion to remand. The court will also deny defendant's motion to dismiss or in the alternative, to strike, as moot.
NOTES
[1] Carolyn Williams, a member of defendant's Human Resources Department, the department that was handling the enrollment for the Plan, allegedly made this representation to plaintiff.
[2] The Eleventh Circuit has taken a different approach to similar facts. See Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024 (11th Cir.1997); Hall v. Blue Cross/Blue Shield of Alabama, 134 F.3d 1063 (11th Cir.1998).