### In re SIMON II LITIGATION.

Nos. 00–CV–5332, 98–CV–0675, 98–CV–1492, 98–CV–3287, 99–CV–1988, 99–CV–6142, 00–CV–2340, 00–CV–4442, 00–CV–4632, 02–CV–0599.

United States District Court,
E.D. New York.

July 3, 2002.

Weitz & Luxenberg, New York City, by Perry Weitz, Robert J. Gordon, Jerry Kristal, Richard L. Akel, Lieff, Cabraser, Heimann, & Bernstein, New York City, by Steven E. Fineman, Thomas M. Sobol, Lieff, Cabraser, Heimann, & Bernstein, San Francisco, CA, by Elizabeth J. Cabraser, Richard M. Heimann, Robert J. Nelson, Sporwood Wilner Maciejewski & Matthews, P.A., Jacksonville, Florida, by Norwood Wilner, Wait, Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, Ohio, by Stanley Chesley, Brown Rudnick Freed & Gesmer, Boston, Mass, by Gregory T. Carnold, Wayne F. Dennison, Sheller Ludwig & Badley, Philadelphia, PA, by Charles Mangan, plaintiff in Simon I & Simon II.

Law Offices of Peter G. Angelos, P.C., Baltimore, MD, by Joshua Kassner, John Angelos, O'Donoghue & O'Donoghue, Washington, D.C., plaintiff National Asbestos.

Milberg Weiss Bershad Hynes & Lerach, New York City, by Melvyn I. Weiss, Beth A. Kaswan, Michael C. Spencer, plaintiff Bergeron.

Dewey Ballantine, LLP, New York City, by Paul J. Bschorr, Vincent R. FitzPatrick, Jr., Michael Hefter, Heather K. McDevitt, Dewey Ballantine, LLP, Washington, DC, by Martha J. Talley, for plaintiffs Blue Cross, et al.

The Cuneo Law Group, Washington, D.C., by Jonathon W. Cuneo, Hutton & Hutton, Wichita, KS, by Mark B. Hutton, Derek S. Casey, Chan P. Townsley, Richardson & Ward, Tulsa, OK, by Gary Richardson, for plaintiff Mason, et al.

Orrick, Herrington & Sutcliffe, LLP, New York City, by Peter A. Bicks, James L. Stengel, Thompson, McNaboe, Ashley & Bull, LLC, P.A., Portland, MA, by Thomas R. McNaboe, Kazan, McClain, Edises, Simon & Abrams, Steven Kazan, Oakland, CA, for plaintiff Raymark.

Sedgwick, Detert, Moran & Arnold, New York City, by Kevin J. Dunne, Eric M. Kraus, Kirkland & Ellis, New York City, by Marjorie P. Lindblom, David Bernick, Andrew R. McGaan, Deirdre A. Fox, Goodwin, Proctor & Hoar, LLP, Boston, MA, by U.

Gwyn Williams, defendant Brown & Williamson.

Jones, Day, Reavis & Pogue, New York City, by Harold Keith Gordon, Byron G. Stier, George Kostolampros, Jones, Day, Reavis & Pogue, Cleveland, OH, by Theodore M. Grossman, Hugh R. Witing, Mark A. Belasic, Jones, Day, Reavis & Pogue, Washington, D.C., by Robert H. Klonoff, Jones, Day, Reavis & Pogue, Dallas, TX, by Jerome R. Doak, Margaret I. Lyle, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, by Ursula M. Henninger, defendant R.J. Reynolds.

Greenberg Traurig, LLP, New York City, by Alan Mansfield, Robert J. Kirshenberg, Stephen L. Saxl, Shook, Hardy & Bacon, LLP, Kansas City, MO., by William L. Allinder, Lori Connors McGroder, defendant Lorillard Tobacco.

Simpson Thacher & Bartlett, New York City, by Michael V. Corrigan, Joseph M. McLauglin, Ronald M. Neuman, Adam I. Stein, defendant BAT Industries, p.l.c.

Chadbourne & Parke, LLP, New York City, by Donald J. Strauber, David A. Wallace, Daniel Endick, defendant BATCO.

Arnold & Porter, Washington, DC, by Peter Bleakley, Murray R. Garnick, David S. Eggert, Eric Suter, Dechert Price & Rhoads, New York City, by Peter L. Critchell, Collier, Shannon, Rill & Scott, Washington, DC, by John B. Williams, Thomas W. Mitchell, Goodwin, Proctor & Hoar, Boston, MA, by Kenneth J. Parsigian, Paul E. Namser, defendant Philip Morris.

Debevoise & Plimpton, New York City, by Anne E. Cohen, Harry Zirlin, Steven S. Michaels, defendant Council for Tobacco Research USA, Inc.

Davis & Gilbert, LLP, New York City, by Bruce J. Ginsberg, defendant Hill & Knowlton.

Seward & Kissel, LLP, New York City, by Jacob Horowitz, defendant Tobacco Institute.

Jacob Medinger & Finnegan, New York City, by Bryan A. McKenna, defendant Smokeless Tobacco.

Skadden Arps Slate Meagher & Flom, New York City, by Arthur H. Aizley, Eric S. Sarner, defendant U.S. Tobacco.

Kasowtiz Benson Torres & Friedman, New York City, by Leonard A. Feiwus, defendant Liggett.

### MEMORANDUM AND ORDER RE: BERGERON CLASS CERTIFICATION

WEINSTEIN, Senior District Judge.

Plaintiffs seek class certification under Rule 23(c)(4). Certification is denied.

### I. Facts:

Plaintiffs filed a complaint as trustees and fiduciaries of the Massachusetts State Carpenters Health Benefits Fund ("Fund") on behalf of themselves and other similarly situated trustees of Taft–Hartley Health & Welfare funds ("Funds") in September of 1999. Damages and injunctive relief were sought pursuant to New York General Business Law sections 349 and 350. The Fund defined the proposed class as:

All multi-employer health benefit plans established under the Labor Management Relations (Taft–Hartley) Act, § 302(c)(5), 29 U.S.C. § 186(c)(5), that have, since September 29, 1996, paid claims of its participants for health care costs attributable to the smoking of its participants.

The number of such plans in the United States runs into the thousands. Defendants moved to dismiss or transfer the case to Massachusetts. The motion for transfer or dismissal was denied in June of 2000.

A similar class action seeking to represent essentially the same class, but with multiple representative plaintiffs was also commenced in this court. See National Asbestos Workers Fund v. Philip Morris (98–CV–1492). Ultimately, the well-known and competent law firm representing National Asbestos decided the case did not warrant prosecution. It was voluntarily dismissed.

### II. Law:

Rule 23(a) of the Federal Rules of Civil Procedure lists the requirements for class certification:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, plaintiff here must show that the action is maintainable under rule 23(b)(3). Amchem Prods. v. Windsor, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Rule 23(b)(3) requires a court to find that a class action is "superior" to other methods of adjudication for the case. The rule states that the "matters pertinent to the findings include":

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The last factor, manageability, is of particular concern in this case, and "peculiarly within [the trial court's] discretion." In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 141 (2d Cir.2001), citing Windham v. American Brands, Inc. 565 F.2d 59, 65 (4th Cir.1977).

### III. Application of Law to Facts:

Plaintiffs have not demonstrated that the proposed class action is manageable. Terms for each of the Funds were negotiated between a labor union and the employer or employers of the employees represented by the union. As a result the Funds differ substantially. Unlike cases such as Blue Cross & Blue Shield of N.J. v. Philip Morris, Inc., 178 F.Supp.2d 198 (E.D.N.Y.2001), epidemiological, demographic statistics and the

operation of the law of large numbers can not determine what each member of the class paid on behalf of its members. While *Blue Cross* involved one plaintiff, and if consolidated with other Blue Cross plans, some score of entities, here the members of the class run into the thousands. The books of each and the details of management might require extensive discovery and trial time.

In view of the serious practical administrative factors the court need not consider the general appellate court hostility towards these third party payor claims that might make adjudication even more difficult. *See e.g. Ass'n of Washington Pub. Hosp. Dists. v. Philip Morris, Inc.,* 241 F.3d 696 (9th Cir.), *cert. denied.,* —— U.S. ——, 122 S.Ct. 207, 151 L.Ed.2d 147 (2001); *Lyons v. Philip Morris Inc.,* 225 F.3d 909 (8th Cir.2000); *Texas Carpenters Health Benefit Fund v. Philip Morris Inc.,* adjudication even more difficult. *See e.g. Ass'n of Washington Pub. Hosp. Dists. v. Philip Morris, Inc.,* 241 F.3d 696 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 207, 151 L.Ed.2d 147 (2001); *Lyons v. Philip Morris Inc.,* 225 F.3d 909 (8th Cir.2000); *Texas Carpenters Health Benefit Fund v. Philip Morris Inc.,* 199 F.3d 788 (5th Cir.2000). Because the court finds that the class fails the manageability requirement, no further analysis is needed as to the other elements of the class certification.

Earlier possibilities of a global settlement which had led to the consolidation of this case with others are no longer present. It is severed from the *Simon II* litigation.

IV. Conclusion:

Class certification is denied. The court takes no position on whether the court of appeals for the Second Circuit ought to entertain an interlocutory appeal pursuant to Fed.R.Civ.P. 23(f).

SO ORDERED